Hoch *et al. v.* Monroe Township of Pulaski County.

---

No. 1,439.

HOCH ET AL. *v.* MONROE TOWNSHIP OF PULASKI COUNTY.

DRAINAGE.—*Public Ditch.*—*Repairs and Cleaning.*—*Action by Township Trustee for Work of Cleaning and Repairing.*—*Conditions Precedent.*—*Notice.*—*Time.*—The fixing of the time, and notice thereof, within which a landowner shall repair and clean the allotment of a public ditch set off to him by the township trustee are conditions precedent to the right of the trustee to recover for having such work done, on failure of the landowner to repair and clean the same between the 1st day of August and the 1st day of November.

SAME.—*Party Plaintiff.*—Such action against the landowner may be brought in the name of the trustee or in the name of the township.

From the Pulaski Circuit Court.

*B. Borders,* for appellants.

DAVIS, J.—The appellee, by Thomas Hedges, her trustee, instituted this action against appellants to recover for the work of cleaning and repairing the allotment of a public ditch set off to real estate owned by appellant Rudolph Hoch which he failed and neglected to clean out between the first day of August and the first day of November, 1893.

Sections 1202, 1203, 1207, 1208, Elliott's Supp.; act approved February 26, 1891, Acts 1891, p. 47; act approved March 3, 1893, Acts 1893, p. 271. Section 5638, R. S. 1894.

The act of 1891 provides that it shall be the duty of the township trustee, before the first day of August of each year, to fix a time within which each allotment on every ditch shall be completed by the person whose duty it is to perform the same. It is further provided that it shall be the duty of every person to whom any allotment has been made, upon receipt of the notice from the trustee as to the time in which such allotment shall be completed, to perform his allotment within the time fixed in said notice, and on failure to do so the trustee shall proceed at once to have the same completed.

The judgment against appellants was based on the second paragraph of the complaint. Appellants, husband and wife, demurred to this paragraph on the ground that it did not state facts sufficient to constitute a cause of action. There is no averment in the complaint that the trustee, before the first of August, fixed a time within which appellants' allotment should be completed, or that prior to the first of August, 1893, he notified appellants of the time so fixed for the completion thereof, or that appellants failed to perform such allotment within the time fixed in said notice.

Under the act of 1889 it was made the duty of the owner of each tract of land to clean out and repair the portion of said work allotted to such tract between the first days of September and November. Section 1207, Elliott's Supp.

Under the act of 1891 it was made his duty to so clean out and repair such allotment between the first days of August and November of each year, within the time fixed by the township trustee.

Sections 1 and 2, Acts 1891, *supra.* The only difference between the act of 1891 and the act of 1893 is the proviso in the later act in relation to blind ditches.

The complaint proceeds on the theory that if the landowner fails to clean out and repair his allotment between the first of August and the first of November the trustee may have the same completed and recover therefor regardless of whether the trustee has complied with the provisions of section 2 of the act of 1891 on his part.

In our opinion the substantial compliance with these provisions by the trustee are conditions precedent to his right to recover. In other words, he must fix the time within which the allotment shall be completed and | give the notice to the landowner of the time so fixed, before the first of August, and then, on his failure to perform his allotment within the time fixed in such notice, the trustee may proceed to have the same completed. When these requirements have been complied with he may bring suit to collect such expense and fees.

The action may be brought in the name of the trustee. Section 5638, *supra; Norris* v. *Tice,* 39 N. E. Rep. 1046; *Daggy* v. *Ball,* 7 Ind. App. 64.

I see no reason, however, why the action may not be prosecuted by the trustee in the name of the township.

There may be other defects in the complaint, but in our opinion they are not of vital importance. The appellee has not favored us with a brief.

Judgment reversed, with instructions to sustain demurrer to second paragraph of complaint, with leave to amend.

Filed May 28, 1895.