No. 1,579.

## THE SEIBERLING, J. F., & CO. v. TATLOCK.

PLEADING.—*Answer Setting Up Warranty and Breach Thereof.—
Reaping Machine.*—In an action for the purchase-price of a reaping
machine, an answer which alleged that the machine was warranted
to do certain work, but that it failed to do such work as warranted,
the manner of the work done by the machine being specifically de-
scribed, which shows that the work was not done as warranted, is
sufficient as showing breach of the warranty, and to advise plain-
tiff of what issue must be met.

SAME.—*Answer.—Failure of Machine to Work Well.—Notice.*—If
the selling agent was present when the machine was tested, and
failed to make it work properly, no further notice to the company
of such failure was necessary.

VENIRE DE NOVO.—*Special Findings.—Evidentiary Facts.*—The fact
that special findings contain evidentiary facts and not ultimate
facts, is no cause for a *venire de novo.*

From the Washington Circuit Court.

*Alspaugh & Lawler* and *H. Morris*, for appellant.

*J. A. Zaring* and *M. B. Hottel*, for appellee.

Ross, J.—This action was brought by the appellant
upon a parol contract to recover the purchase price of a
reaping machine, sold by it to appellee. To the com-
plaint, which is in two paragraphs, the appellee filed an
answer in several paragraphs and a counterclaim.

The first, second, third and fourth specifications of
error assigned are made to question the rulings of the
court below in overruling the demurrers to the third,
fourth and sixth paragraphs of appellee's answer and
his counterclaim. Counsel for appellant, after consid-
erable argument and the presentation of numerous au-
thorities to show that the third and sixth paragraphs of
the answer are insufficient, admit that no question is

presented on the ruling relative to these two para-
graphs, for the reason that the finding of the court rests
upon the other paragraphs and not upon these. For
that reason we do not consider or pass upon the suffi-
ciency of either the third or sixth paragraphs of the
answer.

The only demurrer filed to the counterclaim tested its
sufficiency as an answer to the complaint. *Quære:*
Does such a demurrer test the sufficiency as a counter-
claim?

In the fourth paragraph of the answer, after admit-
ting the purchase of the machine at the price alleged in
the complaint, a part of the purchase-price being the
exchange of an old machine then owned by appellee, it
is alleged that the appellant warranted that the machine
was well made and of good material, and that it would
work well, as good as any machine in the market, and
that if it did not give satisfaction and do as good work as
any machine in the market, and work better than the
old machine, which appellee delivered to appellant,
appellee need not keep or pay for it, and that appellant
would return to him his old machine or its value in
cash. It is then alleged that the new machine did not
fulfill or comply with the conditions of said warranty;
that it was not well made or of good material; that it
did not work well, and that it did not work as well as
other machines in the market, and did not do better
work than the old machine which was taken in exchange
for the new one. The pleader then sets out specifically
wherein the machine is defective and the kind of work
it would do, and the reason why the work which it did
was not well done. It is also alleged that the machine
was given a fair trial; that the appellant's agent who
sold the machine to appellee was present when it was
tested, but failed to remedy its defects or make it do

The Seiberling, J. F., & Co. v. Tatlock.

the work which it was warranted to do; that appellee refused to keep the machine, and returned it in good repair to appellant at the place where purchased, and demanded the return of his old machine; that the new machine was of no value or account whatever for the purpose for which it was purchased.

It is urged against the sufficiency of this answer that it fails to show the machine was entirely worthless; that it does not show that appellant was notified that it did not work and given an opportunity to repair it, and, further, that there is nothing alleged to show that it was given a fair trial or test.

We think the objections untenable. It is alleged that the machine was warranted to do certain work, but that it would not do the work which it was warranted to do, and then the manner in which it did the work was specifically described, which shows that the work was not well done. This was sufficient to show a breach of the warranty and to advise appellant of what issue must be met. As to the question of notice and an opportunity to make the machine work as warranted, the allegations of the answer are that appellant's agent who sold the machine was present when it was tested, and failed to remedy its defects or to make it work satisfactorily. The duty, under the terms of the warranty alleged in the answer, rested upon the appellant to see that the machine sold would do the work as warranted. If the selling agent was present when it was tested and failed to make it do the work properly, no other or further notice was necessary.

The facts alleged in the counterclaim are, in substance, the same as those alleged in the fourth paragraph of the answer, with the additional allegation that appellant refused to return to appellee his old machine, and then

asks judgment for the value of the machine.    We think the counterclaim sufficient.

There was no error in overruling the demurrer to this answer.

The court did not err in overruling appellant's motion for a *venire de novo*.

"A motion for a *venire de novo* reaches matters of form only, and is effective only when the finding or verdict is so defective that no judgment can be rendered thereon."    *Sloan* v. *Lick Creek and New Bethel Gravel Road Co.*, 6 Ind. App. 584.

That the findings contain the evidence and not the ultimate facts, is not cause for a *venire de novo*.    *Chicago, etc., R. R. Co.* v. *Branyan, Admr.*, 10 Ind. App. 570.

The facts found by the court in the main support the facts alleged in the answer and counterclaim, and are sufficient to sustain a judgment in his favor.

We find no reversible error in the record.

Judgment affirmed.