## QUICK *v.* PARRATT, TRUSTEE, ET AL.

[No. 20,843. Filed June 20, 1906.]

1. DRAINS. — *Cleaning.*—*Allotments.*—*Statutes.*—Under §§5633, 5637 Burns 1901, Acts 1889, p. 53, §2, and Acts 1893, p. 271, it is the duty of landowners, after an allotment of their portions of a drain, to clean out and keep in repair their respective allotments. p. 34.

2. DRAINS.—*Repairs.*—*Trustee's Duties.*—Under §5638 Burns 1901, Acts 1891, p. 47, §2, in case the landowner fails to clean or keep in repair his allotment of a drain, the proper township trustee, after notice and failure of such landowner to comply, shall have such work done at such landowner's expense, such expense to be placed on the tax duplicates or collected by suit by such trustee. p. 34.

3. SAME. — *Repairs.*—*Cost of.*—*Collection.*—*Townships.*—*Trustees.*—Under §5638 Burns 1901, Acts 1891, p. 47, §2, the proper landowner alone is liable for the cost of cleaning or keeping in repair his allotment of a public drain; and an action cannot be maintained against the township therefor, though the trustee thereof ordered the work done and gave an official certificate therefor. p. 35.

From Pulaski Circuit Court; *John C. Nye,* Judge.

Action by William M. Quick against John Parratt, as trustee of Rich Grove township, and another. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Spangler & Son* and *Robbins & Pentecost,* for appellant. *W. W. Borders,* for appellees.

JORDAN, C. J.—Appellant sued John Parratt, trustee of Rich Grove township, Pulaski county, Indiana, together with said Rich Grove township, to recover a money judgment. The complaint alleges the following facts: John Parratt, as trustee of Rich Grove township, Pulaski county, Indiana, in the year 1902, employed George Turner to clean out allotment No. 13, of a public ditch, known as the "Ender ditch," situated in said township. Turner, under and in pursuance of the contract of employment, cleaned out the ditch allotment, for which labor he was to be paid $90 out of the funds of said Rich Grove township. Upon completion of the work the trustee issued to him the following certificate, which was filed with and made a part of the complaint:

"State of Indiana,   } ss.
Pulaski County.    }

I, John Parratt, trustee of Rich Grove township, in said county and State aforesaid, do hereby certify that George Turner, by my direction as said trustee, has done labor in cleaning out allotment No. 13 in the Ender ditch, assessed to the south half of the northwest quarter and northeast quarter of the southwest quarter of section thirty-one, township thirty-one north, range three west, in Pulaski county, Indiana, in the name of W. G. and Levi Ender, to the amount of $90, and he is entitled to receive said sum out of the township funds of said township as soon as the assessment now on file in the auditor's office against said land above described is paid. Dated December 12, 1902.           John Parratt,
Trustee of Rich Grove Township."

On July 18, 1903, Turner, for a valuable consideration, assigned in writing this certificate to appellant, who, at and prior to the commencement of this action, was the *bona fide* holder thereof. No part of the $90 has been paid, and the township trustee has refused to pay the same, or any part thereof, and has wholly failed to collect the assessment for the allotment.

Appellee Parratt, the trustee, appeared to the action and filed a motion to dismiss the same, so far as he was concerned, assigning as a reason therefor that he was not the proper party, either in his individual or official capacity. This motion, as the record recites, was sustained. Rich Grove township demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Its demurrer was sustained, and on the appellant's refusal to plead further judgment was rendered against him for cost.

Section 5633 Burns 1901, Acts 1889, p. 53, §2, authorizes the county surveyor to allot portions of a public ditch

to landowners, corporations, etc., assessed for the
1. construction thereof, for the purpose of cleaning out
and keeping such improvements in repair.   Section
5637 Burns 1901, Acts 1893, p. 271, imposes it as a duty
upon such landowners, etc., after the allotments have been
made, to clean out and repair the respective parts of the
ditch allotted to them, between August 1 and November 1
of each year.

Section 5638 Burns 1901, Acts 1891, p. 47, §2, ex-
pressly provides that it shall be the duty of every person
or corporation to whom an allotment of a public
2. ditch has been made, upon receipt of the notice
from the township trustee, as therein provided, "to
perform his allotment within the time fixed in said notice,
and on failure so to do, the trustee shall proceed at once to
have the same completed and shall certify the cost thereon,
including his own per diem, to the auditor of the county,
who shall place the same on the tax duplicate as other
taxes against such person or corporation, and to be col-
lected as other taxes are collected, and when collected, the
same to be paid over to such trustee, or such trustee may
recover such expense and his fees before any justice of the
peace of the township where the owner resides, or through
or into which such road or railroad runs; or he may bring
suit in the circuit or superior court of the county to collect
such expense and fees, and enforce and foreclose the lien
on such land or upon such road or railroad, and in all suits
brought by the trustee under the provisions of this act,
such trustee shall also recover reasonable attorney fees,
and the judgment shall be without relief from valuation
or appraisement laws."

It will be observed that under the provisions of this
statute it is made the duty of the proper township trustee,
upon the failure of the landowner to perform the work
allotted to him, at once to proceed to have the same com-
pleted.   Said official is thereby authorized to employ some

person to perform the work, and on the completion thereof he is required to certify the cost or expense of the work performed, including his own per diem, to the auditor of the county, to be by the latter official placed on the tax duplicate, as other taxes against such person or corporation, and to be collected in like manner as other taxes, and when collected the money is to be paid over to such township trustee. Instead of leaving the collection of the cost and expenses, as above provided, in the hands of the proper tax officials, the trustee may institute an action before a justice of the peace to recover a personal judgment against the landowner, or he may prosecute a suit in the circuit or superior court for a collection of the money by a foreclosure of the lien, provided the necessary antecedent steps have been taken to create a lien upon the land. *Beatty* v. *Pruden* (1895), 13 Ind. App. 507; *Hoch* v. *Monroe Tp.* (1895), 12 Ind. App. 595.

An examination of the statute makes it plain that it is only the person, natural or artificial as the case may be, to whom an allotment has been made that becomes

3. liable for the cost and expenses arising out of the work of performing the allotment under the contract of employment made by the township trustee. There is no law, either written or unwritten, which in any manner renders the township or its trustee, as such official, liable for the work performed by the person in cleaning out or repairing any allotment of a public ditch under a contract of employment made by the trustee in pursuance of the above statute.

It is manifest that the complaint under the facts therein alleged does not state a right of action against the township, and the demurrer of the latter thereto was properly sustained.

Judgment affirmed.