## CLEMANS ET AL. v. HATCH ET AL.

[No. 20,740. Filed November 23, 1906. Rehearing denied April 2, 1907.]

DRAINS. — *Jurisdiction.* — *Statutes.*—*Repeal.*—*Saving Clauses.*— Section fourteen of the drainage act of 1905 (Acts 1905, p. 456, §5635 Burns 1905), providing that all drainage laws are thereby repealed, and that such repeal shall not affect pending proceedings in which a ditch has been ordered established, "or in which there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark," does not affect the board

of commissioners' jurisdiction to proceed in a drainage cause where no order had been made establishing the ditch, and where the ditch would not result in the lowering of any lake.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Drainage proceedings by David Clemans and others, against which John Hatch and others remonstrate. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*Essick & Montgomery* and *Cox & Andrews,* for appellants.

*F. D. Butler, E. T. Reasoner, Albert Ward, R. J. Loveland* and *Lawrence & Rhodes,* for appellees.

GILLETT, J.—This proceeding was instituted by appellants before the Board of Commissioners of the County of Miami to establish a drain in the counties of Fulton and Miami. Prior to the making of an order establishing the ditch, the act of March 6, 1905 (Acts 1905, p. 456, §5622 *et seq.* Burns 1905), became a law. The court below dismissed the proceedings and rendered judgment for costs against appellants. The question which this appeal presents is whether the act aforesaid deprived the board of jurisdiction.

Appellants' counsel contend that section fourteen of said act (§5635 Burns 1905) saved pending proceedings, and also that such proceedings were saved by virtue of 1 R. S. 1852, p. 430, §2 (§243 Burns 1901, §243 R. S. 1881). Counsel for appellees contend that as the drain had not been ordered established, the board lost jurisdiction to proceed, and they base their claim on what they conceive to be the proper construction of said section fourteen. They also deny that section two of said act of 1852 has any application to suits instituted under statutes passed subsequently to said enactment, and in support of this view they call attention to the title of said law. We are not called on to consider the validity of the latter contention, as we have reached the conclusion that the proceedings in question were saved by section fourteen of the act of 1905.

Said section in part, provides: "All laws and parts of laws heretofore enacted in relation to drainage are hereby repealed, but such repeal shall not affect any pending proceedings in which a ditch has been ordered established or in which there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark, and such proceedings and all remedies in relation thereto shall be concluded and be effective in all respects as if this act had not been passed." This section seems quite obscure except upon one theory, and that theory may be indicated by reading that part of the language which follows the general provision for a repeal in the following manner: "Such repeal shall not affect any pending proceedings in which [pending proceedings] a ditch has been ordered established or in which [pending proceedings] there is no attempt to and which will not lower or affect any lake or body of water that has to exceed ten acres of surface at high-water mark, and such proceedings [that is, pending proceedings] and all remedies in relation thereto shall be concluded and be effective in all respects as if this act had not been passed." It will be observed that the first limitation which the section places upon the general provision for repeal is that it shall not "affect" two classes of pending proceedings, namely, those in which a drain has been ordered established, and those in which there is no attempt to lower or affect a lake. This provision, so far as it related to drains which had been ordered established, was doubtless intended as a disclaimer of all purpose to attempt to affect any proceeding which had been crystallized into the final judgment of a court, something that the legislature was not authorized to disturb, but when the General Assembly came to deal with other pending proceedings, that is, proceedings anterior to such a final order, provision was made, as we construe the statute, that such proceedings not only should not be affected by the repeal, provided there was no attempt to drain

a lake or body of water, but that "such proceedings," that is, pending proceedings, and all remedies in relation thereto, should be concluded and be effective in all respects as if the act had not been passed. The question as to the proper construction of section fourteen was before us in *Taylor* v. *Strayer* (1906), 167 Ind. 23, and it was there said: "It was also the expressed intent of the legislature to save all pending proceedings which had not progressed to final judgment, provided the proposed ditches were not designed to and would not affect lakes of the surface area named." This construction of the section still commends itself to our judgment, and we therefore hold that the court below erred in the action taken by it.

Judgment reversed, with an order for further proceedings not out of accord with this opinion.