SMITH ET AL. v. GUSTIN ET AL.

[No. 20,890. Filed April 10, 1907. Rehearing denied June 28, 1907.]

1. PLEADING.—*Parties.*—*Names.*—*Drains.*—*Appeal.*—The full Christian names of the parties in a ditch proceeding should be given; but an appeal will not be dismissed because the surnames and the initials only of the Christian names are given in the assignment of errors. p. 45.

2. APPEAL.—*How Perfected.*—*Parties.*—A term-time appeal to the Supreme Court is perfected by the filing of an assignment of

errors in such court within the statutory time for taking such appeal, and the appellant is not required to make his codefendants, against whom judgment was rendered, coappellants in the Supreme Court. p. 45.

3. APPEAL.—*Parties.—Drains.*—In an appeal by remonstrators to a drainage proceeding, it is not necessary to make each person whose lands will be assessed a party, the parties to the judgment appealed from being sufficient. p. 46.

4. DRAINS. — *Dismissal. — Statutes. — Repealing Clause.* — Section fourteen of the drainage act of 1905 (Acts 1905, p. 456, §5635 Burns 1905), repealing all prior drainage laws, but saving pending proceedings in which a ditch had been established, or in which no attempt was made to affect a lake containing ten or more acres of surface, did not affect a pending proceeding to establish a drain which did not affect any lake. p. 47.

5. APPEAL.—*From Boards of Commissioners.—Drains.—Bonds.*— Under §5671 Burns 1901, §4301 R. S. 1881, providing for appeals from the boards of commissioners in drainage proceedings, the filing of an appeal bond is a jurisdictional necessity. p. 48.

6. SAME.—*From Boards of Commissioners.—Requisites.*—In taking an appeal from the board of commissioners it is not necessary to request same, nor to have an entry thereof; and it is not indispensable for the auditor to approve the tendered bond, since the circuit court has power to increase such bond, or to require an additional bond. p. 49.

7. SAME.—*Statutory Right.*—The right of appeal from the boards of commissioners is statutory; and the statute must be substantially complied with in perfecting an appeal therefrom. p. 49.

8. SAME.—*Transcript.—Omissions.—Duty of Parties.*—The transcript on appeal imports verity, and if it omits any essential record or paper, such omission should be supplied by the interested party. p. 50.

9. DISMISSAL.—*Appeal.—Drains.—Bonds.*—Where parties appeal from an order of the board of commissioners establishing a drain, but file no appeal bond, the circuit court should dismiss such appeal. p. 50.

10. APPEAL.—*From Boards of Commissioners.—Drains.—Bonds.— Filing.—Evidence.*—The circuit court, on an appeal from the board of commissioners in a drainage proceeding, may hear oral evidence to prove whether an appeal bond was filed; and, on a motion to dismiss for failure to file an appeal bond, the presumption will not be indulged, in the absence of an affirmative showing, that such a bond was filed. p. 50.

11. SAME.—*From Boards of Commissioners.—Transcript.—Appeal Bonds.*—On an appeal from the board of commissioners in a drainage proceeding, the appeal bond is a necessary part of the auditor's transcript, and in the absence of such bond or any entry of

the filing thereof in the transcript on appeal to the Supreme Court, such court is justified in concluding that no such bond was filed. p. 51.

12. APPEAL.—*Transcript.*—*Memoranda.*—*References.*—A memorandum, written in ink between the type-written lines of the transcript between the close of the last order of the board and the auditor's certificate, in the words: "See certified copy of appeal bonds attached," is not sufficient evidence of the filing of an appeal bond. p. 52.

13. SAME.—*Rehearing.*—*Transcript.*—*Amendments.*—The transcript on appeal cannot be amended on a petition for rehearing. p. 52

From Allen Circuit Court; *E. O'Rourke*, Judge.

Drainage petition by David C. Smith and others, against which Joseph H. Gustin and others remonstrate. From a judgment of the circuit court dismissing the cause, petitioners appeal. *Reversed.*

*W. & E. Leonard*, for appellants.
*Ballou & Hoffman* and *Ninde Brothers*, for appellees.

MONTGOMERY, C. J.—This proceeding was commenced by appellants and others before the board of commissioners of Allen county for the establishment of a public ditch. Appellees remonstrated against the proposed improvement, and, from a final judgment of the board establishing the ditch as described in the report of the reviewers, appealed to the circuit court. In the circuit court appellants filed a motion to dismiss the appeal of the remonstrators, and of each of them severally, for the reasons that there was no prayer for an appeal from the board by the remonstrators, or any of them, and no appeal bond had been filed by them or any of them with the auditor, nor had any such appeal bond been approved by the auditor. These motions were overruled and exceptions properly reserved. Appellees filed a motion to dismiss the proceeding, for the reason that the proposed ditch was ordered established June 14, 1905, after the law under which the proceeding was instituted had been repealed by the act of March 6, 1905 (Acts 1905, p. 456, §5622 *et seq.* Burns 1905), without a provision saving pending pro-

ceedings, except those in which an order establishing the ditch had been entered prior to April 15, 1905, and the court was accordingly without jurisdiction. This motion was sustained, and the cause dismissed at the cost of appellants.

The principal questions in controversy are presented by assignments of error charging that the court erred in overruling appellants' motions to dismiss the appeals from the board of commissioners, and in sustaining appellees' motion to dismiss the proceeding, and in dismissing the same at appellants' cost.

Appellees make objection to the sufficiency of the assignment of errors, because (1) the full Christian names of certain appellees are not given. This practice frequently has been condemned, and has never been tolerated except in ditch and analogous proceedings. In this proceeding appellees appeared before the board of commissioners and subscribed their pleadings, and in the circuit court caused their names to be entered upon the records by the same style by which they are designated in the assignment of errors. In proceedings of this character, wherein much liberality in pleading is allowed, an appeal will not be dismissed for noncompliance with rule six, at the suggestion of counsel for appellees who have not caused their full names to be subscribed to their pleadings and entered upon the records of the trial court. *Goodrich* v. *Strangland* (1900), 155 Ind. 279, 281.

It is next insisted that fifteen persons signed the petition for the proposed ditch, whose names were all contained in the appeal bond, and that only six are named as appellants in the assignments of error, and that the other petitioners should have been joined as coappellants. It appears from the record that, while the proceeding was pending before the board of commissioners, nine of the petitioners were permitted to withdraw their names and to dismiss the proceeding as to themselves, and the remaining six conducted subsequent proceedings and are joined as

appellants in this court. The appeal is not perfected by filing an appeal bond in pursuance to an order of court granting such appeal; but the transcript must be filed in the appellate court, together with an assignment of errors, within the time prescribed by law governing such appeals. This is a term-time appeal, and appellants were not required to make all parties against whom the judgment was rendered coäppellants with them in this court. §§675, 676 Burns 1908, Acts 1895, p. 179, §§1, 2; *Keiser* v. *Mills* (1904), 162 Ind. 366.

It is further contended by appellees that every person whose lands were assessed for the construction of the ditch was a necessary party to this appeal, and that the 3. names of more than one hundred thirty persons interested in the proposed drainage, as shown by the final report of the reviewers, are not included among the appellees in this court. The omitted persons were not remonstrators who appealed to the circuit court, and were not parties to the final judgment from which this appeal was prosecuted. Only parties to the judgment appealed from are necessary parties to an appeal. *Keiser* v. *Mills, supra;* *Moore* v. *Franklin* (1896), 145 Ind. 344; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233; *McClure* v. *Shelburn Coal Co.* (1897), 147 Ind. 119; *Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54. When the transcript was filed in the circuit court, and the cause was called, there were no data from which to determine the particular remonstrators who were prosecuting the appeal. In connection with a motion to dismiss the entire appeal, we are advised that, in pursuance of a verbal direction of the court, counsel for appellees caused the names of all parties for whom they appeared, and who, as claimed, had appealed from the decision of the board, to be entered upon the record; and immediately following these names the court caused the following order to be entered: "On motion of plaintiffs, appeal is dismissed

as to all remonstrants not above named." All the parties
so listed and recorded as appealing to the circuit court are
joined as appellees in the assignment of errors by the names
and styles furnished by their counsel. These parties pro-
cured the judgment dismissing the action, and were the
only parties to any issue or ruling involved which we are
called upon to review; and we find no defect of parties in
the assignment of errors.

It is manifest from the record that this proceeding was
dismissed upon the assumption that the statute of 1905
(Acts 1905, p. 456, §§5622-5635 Burns 1905), re-
pealed all prior drainage laws, and struck down and
annulled all pending proceedings in which the ditch
had not been ordered established prior to the taking effect
of the repealing act. Section fourteen of the act of 1905
(§5635 Burns 1905) provided that "all laws and parts of
laws heretofore enacted in relation to drainage are hereby
repealed, but such repeal shall not affect any pending pro-
ceedings in which a ditch has been ordered established or in
which there is no attempt to and which will not lower or af-
fect any lake or body of water that has to exceed ten acres
of surface at high-water mark, and such proceedings and all
remedies in relation thereto shall be concluded and be ef-
fective in all respects as if this act had not been passed."
This provision was construed in the case of *Taylor* v. *Strayer*
(1906), 167 Ind. 23, in which this court said: "It was also
the expressed intent of the legislature to save all pending
ditch proceedings which had not progressed to final judg-
ment, provided the proposed ditches were not designed to
and would not affect lakes of the surface area named."
This construction was followed, and the precise question un-
der consideration decided, in the case of *Clemans* v. *Hatch*
(1907), 168 Ind. 291. It does not appear, and no sugges-
tion is made, that the proposed drainage will affect a lake
containing a surface area of more than ten acres, but the de-

cision of the trial court was manifestly upon the theory that all pending ditch proceedings, whether affecting such lakes or not, which had not progressed to final order prior to the taking effect of the drainage act of 1905, were thereby terminated. Upon the authority of the cases cited the decision of the court was clearly erroneous, and this proceeding and all remedies in relation thereto shall be concluded and be effective in all respects as if the act of 1905 had not been passed.

The statute authorizing appeals to the circuit court from final orders of boards of commissioners in ditch proceedings provides as follows: "And the appellant shall file with the auditor an appeal bond, with at least two freehold sureties, to be approved by the auditor and the clerk of the circuit court, conditioned that he will duly prosecute such appeal, and pay all costs that may be adjudged against him in the circuit court: Provided, That such appeal bond shall be filed within thirty days after such final order or judgment of the board of commissioners is made; and after the lapse of such thirty days no appeal can be taken. And if an appeal be taken, the auditor shall withhold his notices to the viewers or reviewers to make their final report; and he shall, within twenty days after the appeal bond is filed, make a complete transcript of the proceedings had before the board of commissioners and of such appeal bond, and certify the same, together with all the papers filed in his office pertaining to such proposed work, to the clerk of the circuit court." §5671 Burns 1901, §4301 R. S. 1881.

It is thus seen that an appeal in this class of cases is taken by filing with the auditor a sufficient appeal bond within the time prescribed. The auditor is required to make a transcript of the proceedings and of such bond, and to certify the same, with all the papers, to the clerk of the circuit court. The filing of some sort of bond is jurisdictional and indispensable in effecting an appeal. The assigned grounds of

dismissal, that no appeal was prayed and no appeal

6. bond was approved by the auditor, would not necessarily result in a dismissal of the appeal. Parties desiring to appeal from the board of commissioners are not required to have a prayer for an appeal entered upon the order-book. In connection with the denial of appellants' motions to dismiss the appeals, the circuit court ordered remonstrants to file an additional bond to the approval of the court without any limitation as to the amount of penalty. Bonds were subsequently filed, but no approval of the court is shown. Section 1354 Burns 1908, §1283 R. S. 1881, provides that appeals of this character shall not be dismissed on account of any defect in the substance or form of the bond filed with the auditor or failure to approve the same, if the appellant, when required by the circuit court, shall file a sufficient bond in the sum required and with surety to the acceptance of such court. The court therefore properly disregarded the ground of the motion to dismiss the appeals for nonapproval of bonds by the auditor, and correctly ordered the remonstrants to file proper and sufficient appeal bonds in the circuit court.

The motion to dismiss the appeals contained a more serious charge, to wit, that no appeal bonds had been filed with the auditor. The right of appeal is wholly statutory,

7. and can be exercised only by substantial compliance with the terms of the statutes by which it is granted. As we have already said, the filing of an appeal bond in some form with the auditor and within the time fixed is indispensable in perfecting an appeal. Appellees' counsel have not pointed us to a single entry showing that any appeal bond was ever filed with the auditor in this cause. We have searched the transcript prepared by the auditor, and find no such bond or entry showing that any was ever filed in the cause. The precipe for the transcript filed in this court called for the entire record, and the clerk has certified that

it contained "full, true, and correct copies, or the originals, of all papers and entries in the cause." We therefore have all the record papers and facts before the trial court, and upon which the action was founded. The record to us imports absolute verity; and, if in point of fact some sort of appeal bond was filed with the auditor by the remonstrators, but no record thereof was made, and neither the bond nor a copy of the same was certified to the circuit court, appellees' counsel should have caused the record to be corrected so as to speak the truth. If no appeal bond was filed with the auditor, as charged in this case, and as appears from the record to be true, the circuit court was without jurisdiction, and could not supply the essential quality of jurisdiction by requiring an appeal bond to be filed in that court. *Crumley* v. *Hickman* (1884), 92 Ind. 388; *Shirk* v. *Moore* (1884), 96 Ind. 199; *Whisenand* v. *Belle* (1900), 154 Ind. 38, 43; *Strebin* v. *Lavengood* (1904), 163 Ind. 478.

Appellants' several motions to dismiss the appeals, for the reason that no appeal bond was filed with the auditor by the appellees herein, should have been sustained.

The judgment is reversed, with directions to overrule appellees' motion to dismiss the proceeding, and to sustain appellants' motions to dismiss the appeals attempted to be taken by appellees from the final order of the board of commissioners.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellees earnestly petition for a rehearing and submit matter which properly calls for a further statement with reference to the action of the court in directing a dismissal of their appeal from the board of commissioners to the circuit court. It is insisted that the circuit court may determine as a question of fact whether an appeal bond was filed with the auditor, and

to that end may hear oral evidence; citing *McCrory* v. *Anderson* (1885), 103 Ind. 12, and *Miller* v. *O'Reilly* (1882), 84 Ind. 168. There is no doubt of this proposition, and, if the record in this case showed that in such manner the necessary fact was established, as was shown in the cases cited, no difficulty would have been encountered in sustaining the jurisdiction of the circuit court. It is urged that all presumptions must be indulged in favor of the action of the lower court in overruling the motion to dismiss; citing, among other cases, *Demaree* v. *Johnson* (1898), 150 Ind. 419, and *Pittsburgh, etc., R. Co.* v. *Machler* (1902), 158 Ind. 159. The latter case involved only jurisdiction over the person, and this court correctly said: "Having appeared before the court and pleaded to the merits of the proceeding and assessment, without making any objection to the sufficiency of the notice, or the regularity in filing the petition, that act will be held to be a waiver of all questions pertaining to the jurisdiction of the court growing out of such matters." The case of *Demaree* v. *Johnson, supra,* related to the voting of aid to a railroad, and it is said by the court that there was no requirement in such a case that the appeal bond filed with the auditor, or a copy thereof, should be made a part of the record in the circuit court. It was also said in the opinion that there was nothing to show "that any motion was made in the trial court to dismiss the appeal, or that any suggestion was there made that no appeal bond had been filed." ·

Those facts clearly distinguish that case from this. Here the motion to dismiss for want of an appeal bond was made in the court below, and the ruling thereon assigned as error in this court. In this proceeding the statute requires the auditor to make and certify a transcript of the appeal bond as a part of the record upon appeal to the circuit court. This was not done, nor was the filing of appeal bonds made to appear otherwise upon the record in this case, and it was upon the assumption that evidence of the

filing of appeal bonds was a necessary part of the record, and that, therefore, we were in possession of all the facts properly before the trial court, that our decision was reached.

It is now claimed that evidence of the filing of appeal bonds with the auditor appears from the record. This claim rests wholly upon a line written in ink upon the typewritten transcript, between the close of the last order of the board of commissioners and the certificate of the auditor, as follows: "See certified copy of appeal bonds attached." This appears in the form of a memorandum and not as a proper part of the transcript of the auditor, and no record of the filing of bonds or copy thereof can be found anywhere in the record. We have no means of knowing whether this memorandum was made by counsel as a part of the marginal notes or by an officer preparing the transcript, but it cannot be accepted in any event as supplying the necessary record which the law requires.

An effort has been made to supplement the record by inserting certified copies of bonds in the brief of counsel upon petition for rehearing. The question was raised in the court below, and urged throughout the appeal, and no effort was made to supplement the record until after final decision. The record certified to us imports absolute verity, and cannot be supplemented or contradicted by statements appearing in the briefs of counsel. If it were incorrect and insufficient to present the disputed questions fully and fairly, it should have been corrected and supplemented before final decision and in the manner authorized. The rule has been long established that this court will not grant a rehearing to enable a party to correct or perfect a record. *Warren* v. *Campbell* (1872), 39 Ind. 409; *Drake* v. *State* (1896), 145 Ind. 210, 218; Ewbank's Manual, §217, and cases cited.

Much as we regret the condition of the record of which

complaint is made, we are not justified now in granting the relief sought. The petition for a rehearing is therefore overruled.