## JOHNSON *v.* AMACHER ET AL.

[No. 21,347.    Filed January 27, 1909.    Rehearing denied April 27, 1909.]

1. DRAINS.— *Petition.*— *Motions to Dismiss.*— *Statutes.*— *Saving Clauses.*—Where it is not apparent from the record, nor shown by the motion to dismiss, that the proposed drain, the proceeding to establish which was begun in 1904, was designed to, or would, affect any ten-acre lake, such motion should be overruled, since §5635 Burns 1905, Acts 1905, p. 456, §14, saved such proceedings. p. 249.

Johnson *v.* Amacher—172 Ind. 248.

2. DRAINS.— *Beginning.— Petition.— Proof.— Variance.*—A motion to dismiss a drainage proceeding, made after verdict, because the proof showed that its beginning was at a different place from that named in the petition, should be overruled, where the evidence to support the motion is not in the record, and where the verdict and judgment follow the reviewers' report, the presumption being that such report followed the petition. p. 250.

3. APPEAL.— *New Trial.— Evidence Not in Record.*— Where the grounds for a new trial were insufficiency of evidence and erroneous instructions, and the evidence is not made a part of the record on appeal, no question on the motion therefor is presented. p. 251.

From Adams Circuit Court; *H. C. Fox,* Special Judge.

Drainage proceeding by Christian Amacher and another, against which Roswell O. Johnson remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*Hooper & Lenhart, D. D. Heller, H. B. Heller* and *John C. Moran,* for appellant.

*Lewis C. De Voss, Clark J. Lutz* and *David E. Smith,* for appellees.

MONTGOMERY, J.—This proceeding was begun in 1904 before the board of commissioners of the County of Adams upon petition of appellees for the establishment of a public ditch. The viewers reported favorably, and thereupon appellant filed a remonstrance and caused reviewers to be appointed, who confirmed the report of the viewers, and the ditch was established and ordered constructed. Appellant appealed to the circuit court, in which a trial by jury resulted in a judgment for the petitioners. The errors properly assigned in this court challenge the decisions of the trial court in overruling motions to dismiss the action and for a new trial.

On December 26, 1905, appellant filed his motion to dismiss the proceeding, for the reason that the proposed ditch had not been ordered established prior to the taking effect of the drainage law of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905), which repealed all former drainage laws. Pending proceedings in which the ditch had

been finally established, and also proceedings in which there was no attempt to and which would not lower or affect any lake or body of water having more than ten acres of surface at high-water mark were saved by section fourteen of said act (§5635, *supra*). No showing or claim was made in appellant's motion, and it is not apparent from the record that the proposed ditch was designed to or would lower or affect any lake or body of water within the protection of the law. This proposed drain appears to be within the saving clause of said act of 1905, and may be continued and completed as though that act had not been passed, and no error was committed in overruling appellant's motion to dismiss upon the ground stated. *Kline·* v. *Hagey* (1907), 169 Ind. 275; *Smith* v. *Gustin* (1907), 169 Ind. 42; *Clemans* v. *Hatch* (1907), 168 Ind. 291; *Taylor* v. *Strayer* (1906), 167 Ind. 23.

After the return of the verdict appellant again moved to dismiss the action, for the reason that the uncontradicted evidence showed that the proposed ditch is to commence twenty-four rods, and the construction to commence more than 1,600 feet, from the place named in the petition as the commencement of the ditch. This motion is unverified, and as the evidence to which reference is made is not before us it is impossible for us to determine the question sought to be raised. The verdict of the jury and the judgment of the court provide that the ditch is to be constructed upon the route as set out in the reviewer's report. If the report of the reviewers was not made in accordance with the requirements of the law, appellant should have attacked it directly in a timely and proper way; but it is clear that the motion to dismiss the entire proceeding after the return of an adverse verdict was not a proper or available method to correct the alleged irregularity of which appellant complains.

The motion for a new trial charges that the verdict is not sustained by sufficient evidence, and is contrary to law, and

that the court erred in giving and in refusing to give
3.  certain instructions.  The evidence has not been
brought up with the record on appeal, and therefore
we cannot determine any question depending upon the con-
sideration of the evidence.  The alleged errors with respect
to the giving and refusing to give instructions have not been
presented in appellant's brief, doubtless owing to the ab-
sence of the evidence, and must therefore be regarded as
waived.  *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3;
*May* v. *Dobbins* (1906), 166 Ind. 331; *Starkey* v. *Starkey*
(1906), 166 Ind. 140; *Stamets* v. *Mitchenor* (1906), 165 Ind.
672; *Storer* v. *Markley* (1905), 164 Ind. 535.  No error in
overruling appellant's motion for a new trial is made to ap-
pear.

The judgment is affirmed.