## HAUSCHILD v. ROTH ET AL.

[No. 22,021.    Filed February 3, 1914.]

1. DRAINS. — *Establishment.* — *Remonstrance.* — *Appointment of Viewers.*—In proceedings to establish a drain, the action of the court in striking out a remonstrance, filed before the appointment of viewers, alleging want of jurisdiction to establish the drain because of the prior construction of a drain along the same line for which remonstrant paid, was not reversible error, where remonstrant was permitted to file the same remonstrance after the filing of the report of the commissioners.   p. 185.

2. TRIAL.—*Venire de Novo.*—Where, in a drainage proceeding, the finding of the court was "for the petitioner herein and against the remonstrator," the overruling of a motion for a *venire de novo* was not error, since such motion is not well taken unless the finding or verdict is so defective or uncertain that no judgment can be rendered thereon.   p. 186.

3. DRAINS.—*Reëstablishment.* — *Statutes.* — *Application.* — Section 6174 Burns 1908, Acts 1907 p. 508, §19, providing that should the owner of any land affected by a drain believe that such work or any part thereof may be more economically kept in repair, or may be made more efficient by tiling and covering, by removing tile and making the drain open, by changing the line or extending it, or by making any other change in the work as originally constructed, such owner may apply for such change, etc., by filing a petition therefor with the circuit or superior court, or with the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of such work, applies only to the changing or cleaning and repair of drains, and was not intended to supersede §6141 Burns 1908, Acts 1907 p. 508, §2, relating to the construction of an entirely new drainage system.   p. 186.

4. DRAINS.—*Establishment.*—*Effect of Existing Drain on Line of New Drain.*—The fact that a new drain is to be established along or over another drain is to be considered by the viewers in determining the practicability, public utility and assessment of benefits, and the fact of the existence of the former drain merely goes to the question of the cost and expense of the proposed work. p. 187.

5. DRAINS.—*Establishment.*—*New Drain Over Line of Prior Drain.* —*Circuit Court.*—*Jurisdiction.*—The circuit court has jurisdiction to establish a new drain over the line of one formerly established by the board of county commissoners.   (*O'Toole* v. *Tudor* [1910],

175 Ind. 227; *Rinker* v. *Hahn* [1910], 175 Ind. 88; *Stockton* v. *Pancost* [1912], 178 Ind. 203; and *Shields* v. *Pyles* [1913], 180 Ind. 71, distinguished.)  p. 187.

6. APPEAL.—*Review.*—*Evidence.*—*Findings.* — The findings of the trial court will not be disturbed on the evidence where the record discloses that there was ·some evidence to sustain it on every proposition submitted.  p. 188.

From Vanderburgh Circuit Court; *C. A. DeBruler,* Judge.

Proceeding by John P. Roth and others·to establish a drain, to which Traugott Hauschild filed remonstrance.  From a judgment for petitioners, the remonstrant appeals.  *Affirmed.*

*John H. Foster* and *Walton M. Wheeler,* for appellant.
*John R. Brill* and *Frank H. Hatfield,* for appellees.

ERWIN, J.—This was a proceeding for the establishment of a ditch upon the petition of appellees, to which the appellant and others were made parties.  To this petition the appellant, before the appointment of viewers, filed a remonstrance, to which the court sustained a motion to dismiss and strike out on the grounds that it was prematurely filed.  After the report of the viewers, the appellant again filed practically the same remonstrance, with other statutory reasons for remonstrance.  The part of the remonstrance, which appellant claims the court erred in excluding, and which was afterwards filed as a remonstrance, and which it is claimed deprived the court of jurisdiction to construct the drain in question is as follows:  "That heretofore in the year 1903, by certain proceedings had in the court of the Board of Commissioners of Vanderburgh County, Indiana, a certain tile drain was constructed through said property over which said drainage described in the commissioners' report is to pass, along almost the identical line of said proposed drainage, which is the same drainage; that said tile drain was constructed at large expense for the payment of which the lands drained were assessed as benefited and that appellant's lands were in that proceeding assessed

in a large sum which was paid by him, and that said tile drain furnishes adequate drainage and serves all the practical purposes of drainage for said district.''

An issue was formed on the petition, the report of the viewers and the remonstrance filed by appellant, and submitted to the court for trial. The court found for the petitioners and confirmed the report of the viewers, with minor exceptions, and ordered the drain constructed as prayed in the petition. The appellant moved for a *venire de novo,* which was overruled. A motion for a new trial was filed on the part of appellant, which was also overruled.

The assignment of errors presents three propositions, viz., (1) the court erred in sustaining the motion to strike out the remonstrance filed before viewers were appointed; (2) that the court erred in overruling appellant's motion for a *venire de novo;* (3) the overruling the motion for a new trial.

As to the first proposition, we are inclined to think that there is no reversible error in striking out the remonstrance above set out, for it was a plea questioning the jurisdiction of the court to the subject-matter of the litigation, and might have been properly termed a plea in abatement, and could have been filed at any stage of the proceedings, even in this court. The appellant was not deprived of any right he might have had under such plea for he was permitted to and did file to the report of the commissioners, the same plea to the jurisdiction of the court, which was properly a plea in bar. *Quick* v. *Parratt* (1906), 167 Ind. 31, 78 N. E. 232. This remonstrance, or plea in which the jurisdiction of the court to construct the drain, was questioned, was submitted to the court, with the other causes of remonstrance, and the court's finding was against the remonstrator on that issue as well as all others.

As to the motion for a *venire de novo,* and the ruling of the court thereon, the court committed no error in overruling the same. There was no request for special find-

ings by either party and the finding of the court is, "and the court having heard the evidence and argument of counsel, and being sufficiently advised herein finds for the petitioner herein and against the remonstrator." A motion for a *venire de novo* is not well taken unless the finding or verdict is so defective and uncertain that no judgment can be entered thereon. *Garrett* v. *State, ex rel.* (1897), 149 Ind. 264, 49 N. E. 33, and cases cited; *Seiberling* v. *Tatlock* (1896), 13 Ind. App. 345, 41 N. E. 841, and cases cited. In the case of *Garrett* v. *State, ex rel., supra*, the verdict the jury returned read: "We the jury find for the plaintiff." This court in that case said, "As the verdict in this case was general in favor of appellee, it found all the facts in issue in favor of appellee." In the case at bar there is a finding "for the petitioners herein and against the remonstrator."

The appellant presents the question that the proposed drain is upon the line of an old tile drain, previously constructed by the board of commissioners, and hence the court had no jurisdiction to construct the drain, as prayed for. It does not appear from the petition that this is an action to repair, tile, cover, or remove tile and make an open drain, or to change the work of any drain as originally constructed, or to extend the length, but is a petition for a new drain. The statute cited by appellant, as denying jurisdiction to the circuit court is §6174 Burns 1908, §19, Acts 1907 p. 508, which reads as follows: "Should the owner of any land, or any corporation, affected by the construction, change, improvement or extension of any work of drainage under this or any former law of this state, be of the opinion that such work, or any part of it, may be more economically kept in repair, or may be made more efficient for its purpose, by tiling and covering; by removing tile and making the drain open; by changing the line of the drain or extending its length; or by making any other change in the work as originally constructed, such

landowner or corporation may apply for such change, improvement or extension by filing a petition therefor with the circuit or superior court, or with the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of such work." It is evident from the language of this section (§6174) that it applies only to the changing or cleaning and repair of drains and was not intended to supersede §6141 Burns 1908, Acts 1907 p. 508, where an entire new drainage system is contemplated. It has been held by this

4. court that the fact that a new ditch is to be established along or over another drain is to be considered by the viewers in determining the practicability, public utility and assessment of benefits, and the fact that a former ditch is found along the line of the proposed improvement merely goes to the question of the cost and expense of the proposed work. *Denton* v. *Thompson* (1893), 136 Ind. 446, 459, 35 N. E. 264, and cases cited; *Rodgers* v. *Venis* (1893), 137 Ind. 221, 36 N. E. 841; *Sharp* v. *Eaton* (1910), 175 Ind. 441, 94 N. E. 753, and cases cited; *Drebert* v. *Trier* (1886), 106 Ind. 510, 7 N. E. 223; *Hardy* v. *McKinney* (1886), 107 Ind. 364, 8 N. E. 232; *Meranda* v. *Spurlin* (1885), 100 Ind. 380.

Appellant contends that *O'Toole* v. *Tudor* (1910), 175 Ind. 227, 93 N. E. 276, is decisive of the question that a proposed new drain cannot be established over the

5. line of an old drain by a different tribunal from the one in which the original drain was established. That was a proceeding before the board of commissioners to tile an open drain, and this court held under the act of 1907, that it could only be brought in the court which had constructed the original drain. To the same effect are the cases of *Rinker* v. *Hahn* (1910), 175 Ind. 88, 92 N. E. 729; *Stockton* v. *Pancost* (1912), 178 Ind. 203, 98 N. E. 122; *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742. These latter cases were for the change of existing drains from open to

tile drains, and are not in conflict with the cases cited above, which were for the establishing of new drains over the line of old ones, and we are of the opinion that for the establishing of a new drain, even over the line of one formerly established by the board of commissioners, the circuit court has jurisdiction.

The other questions presented by the appellant, by his motion for a new trial, relate to the sufficiency of the evidence to sustain the finding of the court and the admission and rejection of certain evidence. We have examined the record and find some evidence on every proposition submitted, and under the well-established rule that this court cannot weigh the evidence, we are not justified in disturbing the finding of the court. There was no reversible error in the admission or rejection of evidence. Judgment affirmed.

Spencer, J., not participating.

Note.—Reported in 104 N. E. 11. See, also, under (1) 14 Cyc. 1036; (2) 38 Cyc. 1990; (4) 14 Cyc. 1051; (6) 3 Cyc. 360.