HULL ET AL. *v.* CUNNINGHAM ET AL.

[No. 24,138.   Filed April 4, 1923.]

1. DRAINS.—*Proceedings to Repair.—Term-Time Appeal.—Parties.—Statutes.*—Under Acts 1907 p. 508, §4, as amended by Acts 1917 p. 292, §6143 Burns' Supp. 1921, and §675 Burns 1914, Acts 1895 p. 179, a term-time appeal by remonstrants from a judgment in favor of petitioners, in proceedings for the repair of a drain, will not be dismissed for defect of parties because of appellant's failure to make remonstrants not appealing parties to the appeal.   p. 82.

2. DRAINS.—*Proceedings to Repair.—Appeal.—Parties.*—On appeal from a judgment for petitioners in a proceeding for the repair of a drain, it is unnecessary to name parties in the assignment of errors who were neither petitioners nor remonstrants, although parties to the record, as they are not parties to the judgment from which the appeal is taken.   p. 83.

3. DRAINS.—*Proceedings to Repair.—Appeal to Circuit Court.—Statutes.*—Under §6151 Burns 1914, Acts 1907 p. 508, §17, parties whose petition, filed under §6174 Burns' Supp. 1921, Acts 1919 p. 426, for the repair and extension of a drain wholly within one county, is dismissed by the board of county commissioners may appeal to the circuit court, which has jurisdiction to hear and determine all facts controverted by the remonstrants, the board having original exclusive jurisdiction only.   p. 83.

4. DRAINS.—*Proceedings to Repair.—Appeal.—Scope of Review.—Findings.—Sufficiency.—Statutes.*—In a proceeding under

Acts 1907 p. 508, as amended by Acts 1919 p. 426 (§6174 Burns' Supp. 1921), for the repair and extension of a drain, where remonstrants against the report of the drainage commissioners relied only on causes three, eight and nine, enumerated in Acts 1907 p. 508, as amended by Acts 1917 p. 292, (§6143 Burns' Supp. 1921), the circuit court's judgment, on appeal from the decision of the board of county commissioners dismissing the petition, approving the drainage commissioners' report, which under Acts 1907 p. 508, §17, (§6151 Burns 1914), is *prima facie* evidence of the facts therein stated until controverted by evidence supporting any cause of remonstrance, will not be reversed, in view of §6142 Burns 1914, Acts 1907 p. 508, §3, for lack of an affirmative finding as to the necessity of the proposed work, though the burden of such issue was on petitioners; the Supreme Court being limited to a review of errors on controverted issues tried in the circuit court, none of which raised the question of the necessity of the proposed work.  p. 85.

5.  DRAINS.—*Proceedings to Repair.—Appeal.—Evidence.—Sufficiency.—Drainage Commissioners' Report.*—In the absence of evidence contradicting the drainage commissioners' report on a controverted fact, the *prima facie* case made thereby must stand, on appeal from the circuit court's judgment approving the report.  p. 86.

From Boone Circuit Court; *James L. Clark,* Special Judge.

Proceedings on the petition of Charles W. Cunningham and another for the repair and extension of a drain. From a judgment for petitioners, Alexander Hull and others, remonstrants, appeal.  *Affirmed.*

*Ira M. Sharp,* for appellants.
*Edward C. Gullion,* for appellees.

MYERS, J.—At the December term, 1919, of the board of county commissioners of Boone county, appellees, Cunningham and Smith, filed their petition for the repair and extension of the Fishback drain and its tributaries, wholly located in Boone county, Indiana.  On May 22, 1920, amended report of drainage commission-

ers was filed. Proceedings were thereafter had before the board, resulting in a finding for the remonstrators and dismissing the petition. The petitioners appealed from the action of the board to the Boone Circuit Court, where, on motion of petitioners, all remonstrances except the remonstrance of these appellants were stricken out. Thereupon a trial was had, and on October 27, 1921, judgment was rendered in part approving the report of the drainage commissioners, that the proposed drain be established and constructed, and confirming the assessments as reported. Appellants' joint and separate motion for a new trial was, at the January term (January 18, 1922), overruled and ninety days' time granted within which to file bills of exception. On February 14, 1922, (January term), appellants filed their appeal bond, which was accordingly approved. On April 14, 1922, appellants' bill of exceptions containing the evidence was filed in the court below and made a part of the record, and on the following day, the record on appeal was filed in the office of the clerk of this court, naming petitioners and no others as appellees. Thereupon, notice was issued to appellees, and on April 17, 1922, it was served on them. The errors assigned are, (1) that the Boone Circuit Court had no jurisdiction of the subject-matter of this proceeding; (2) that the court erred in overruling appellants' motion for a new trial.

We are first confronted with a motion by appellees to dismiss this appeal, on the ground that there is a defect of parties, and therefore this court is without jurisdiction to determine this appeal on its merits. They cite Crumpacker v. Manhattan Lumber Co. (1916), 185 Ind. 493; Deinhart v. Mugg (1911), 176 Ind. 531, and other cases supporting their contention. Those cases are not in point, for the reason that the appeal in the instant case was taken in term and

as authorized by Acts 1907 p. 508, §4, as amended in 1917, Acts 1917 p. 292, §6143 Burns' Supp. 1921. This statute provides that: "All parties shall take notice of and be bound by such appeal, and all proceedings in the matter of such drainage shall be stayed until its determination." Furthermore, the Civil Code of this state, §675 Burns 1914, Acts 1895 p. 179, authorizes "any number of coparties against whom a judgment has been taken" to prosecute a term-time appeal without making other coparties not appealing parties to the appeal. *Rockey* v. *Hershman* (1923), *post* 168.

It also appears that all of the petitioners and remonstrators thus appearing at the time of the rendition of the judgment are named in the assignment of errors. This court has ruled that it is unnecessary to name parties in the assignment of errors who were neither petitioners nor remonstrators, although parties to the record, for the reason they are not parties to the judgment from which the appeal is taken. *Lantz* v. *Caraway* (1913), 180 Ind. 484; *Smith* v. *Gustin* (1907), 169 Ind. 42; *Kline* v. *Hagey* (1907), 169 Ind. 275. The motion to dismiss is overruled.

On the merits of this appeal, appellants first insist that the Boone Circuit Court had no jurisdiction over the subject-matter of this action. Counsel for appellants, as well as counsel for appellees agree that this proceeding was begun under §19, Acts 1907 p. 508, as finally amended, Acts 1919 p. 426, §6174 Burns' Supp. 1921. But appellants assert that the board of county commissioners of Boone county had exclusive jurisdiction of this proceeding, and, as it dismissed the petition, there was no right of appeal from its decision to the Boone Circuit Court.

Counsel for appellants has chosen to attribute to the board "exclusive jurisdiction," when in all probability the words "exclusive original jurisdiction" was meant.

However, the two expressions are widely different in persuasive force when considered in determining the question of a right to appeal, or the finality of a decision. It here appears that the original Fishback drain and its tributaries was established and constructed under the direction of the board of county commissioners of Boone county, and under the settled law of this state that board had exclusive original jurisdiction of this proceeding. *Huffman* v. *Newlee* (1919), 189 Ind. 14; *Woodring* v. *McCaslin* (1914), 182 Ind. 134; *Shields* v. *Pyles* (1912), 180 Ind. 71. We must keep in mind that §19, *supra,* as amended, is still a part of the general drainage law of 1907, and must be read in connection with other sections of that law. This done, Acts 1907 p. 508, §6151 Burns 1914, authorizes the board of county commissioners to establish and construct drainage when such proposed work is wholly within one county, and expressly provides for an appeal by any landowner from the action of the county board on the report of the drainage commissioners to the circuit or superior court of the county, "and the court to which such appeal is taken shall have the power to hear and determine such matters as if it originated in such court." Accordingly, we hold that the petitioners had a right of appeal from the board of commissioners to the circuit court.

Appellants, in support of their motion for a new trial, insist that the petition presented the issue as to whether the proposed changes, alterations and extensions were necessary to enable the drain to accomplish the work for which it was designed and intended, and, without an affirmative finding in that respect, the court's decision was contrary to law.

The perfected appeal from the board of commissioners gave the Boone Circuit Court jurisdiction to hear and determine *de novo* all facts controverted by the

remonstrants before the board. *Trittipo* v. *Beaver* (1900), 155 Ind. 652; *Strayer* v. *Taylor* (1903), 163 Ind. 230; *Miller* v. *Wabash R. Co.* (1908), 171 Ind. 109; *Rayl* v. *Kirby* (1913), 180 Ind. 553.

The decision of the board from which the appeal was taken to the circuit court involved, not the sufficiency of the petition, but the facts reported by the drainage commissioners. This remonstrance was predicated upon amended §4, *supra,* which specifically points out the causes that may be urged in such cases. In this instance, causes 3, 8 and 9 were relied on. The facts thus controverted before the board and decided against the petitioners were, by the appeal, transferred to the circuit court, as we have said, for trial *de novo.* True, the burden of this issue was upon the petitioners, but, in the absence of any evidence to the contrary, the statute, (Acts 1907 p. 508, §17, *supra*) makes the report of the drainage commissioners *prima facie* evidence of the facts therein stated, not only before the board, but, in our opinion, in the circuit court as well. Moreover, upon the introduction of any evidence tending to support any cause of the remonstrance, the *prima facie* force of the report as to that cause falls. *Martin* v. *Adair* (1920), 189 Ind. 177; *Moore* v. *Ryan* (1919), 188 Ind. 345. Thus we have the position of the parties in the circuit court, and consequently we are limited to a review of alleged errors of that court on the issues there tried.

Keeping in mind the point under consideration, it would seem that it has to do with a finding made by the board of county commissioners upon the hearing made prior to the reference of the proposed work to the drainage commissioners for a report. Section 19, Acts 1919 p. 426, *supra,* must be read and interpreted in connection with §3 of the 1907 law, Acts 1907 p. 508, §6142 Burns 1914. So that, if it be assumed that appel-

lants intended to make this point against the report of the drainage commissioners, it is not well taken, for the reason that neither of the causes relied on for a remonstrance tendered that issue, and therefore not properly tendered here for the first time.

Appellants further assert that the trial court's decision is not supported by sufficient evidence, and is contrary to law. Under this assignment, practically all of appellants' points assert that there was no evidence to support a finding or a judgment of an existing public drain, which did not properly perform the work for which it was designed and intended, nor that the proposed work would be of public utility, or benefit any public highway or the public health.

5.

In so far as these facts are material and presented by the remonstrance, there is no claim of appellants that there was any evidence before the court, nor do they point to any tending to sustain the remonstrance. The report of the drainage commissioners was in evidence, and, in the absence of evidence contradicting it on a controverted fact, the *prima facie* case made by the report in that particular must stand. *Katterhenry* v. *Arensman* (1915), 183 Ind. 347, 352.

However, we have examined carefully the evidence furnished by the record before us, and from which we have reached the conclusion that, as to the material controverted facts, the trial court had evidence before it from which inferences could be drawn justifying its general finding for the petitioners and against remonstrators.

The judgment is affirmed.