## COX ET AL. *v.* SHOE ET AL.

[No. 25,912. Filed June 12, 1931. Rehearing denied April 22, 1932. Petition to reconsider ruling on petition for rehearing denied October 27, 1932.]

*Pete H. Dawson* and *Earl B. Stroup,* for appellants.
*Earl G. Gruber* and *Thomas M. Ryan,* for appellees.

MARTIN, J.—The appellees filed a petition in the trial court alleging that the Lycurgus Matthews et al. ditch in Clinton and Hamilton counties (a drain which was specifically described and alleged to be one previously established by law) was out of repair and not sufficient to perform the drainage for which it was intended, and praying that it be reconstructed by removing the tile and converting it into an open or dredge ditch over a certain described part of its route. The petition contained the usual and necessary averments under §6196 Burns Supp. 1929 and described 23 tracts of land in Hamilton county and 47 tracts in Clinton county as being affected by the drainage petitioned for.

Upon a proper showing that notice had been served on each landowner the petition was docketed as a cause of action, and twenty days thereafter (all remonstrances theretofore filed having been withdrawn) the court re-

ferred the petition to drainage commissioners and fixed a time for their meeting and for their report. The report provided a different route for the drain than that given in the petition, specifications for the work and assessed benefits against 27 landowners in Clinton and 6 landowners in Hamilton county in the sum of $9,631.30, which was also the estimated cost of construction, including damages in the sum of $1,537.00.

Following the filing of the report of the drainage commissioners a number of landowners filed remonstrances on the ground that "the report of the drainage commissioners filed herein is not according to law in thi⁻ that by the plans and specifications contained in said report it is proposed to affect, alter, destroy, change and repair the Leander Boyer et al. tile drain constructed in drainage cause No. 665 for the repair and alteration of which said drain there is no petition on file".

The cause was submitted to the court for trial on the issues formed by the commissioner's report and the remonstrances thereto, and a finding was made and judgment rendered against the remonstrators and ordering the construction of the drain according to the plans and specifications set out in the commissioner's report. A motion for a new trial was filed on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law, and the overruling of this motion is assigned as error here.

There was no evidence here that the Lycurgus Matthews et al. ditch was out of repair or was incapable of performing the functions the original drain was intended to perform, as alleged in the petition, nor was there any evidence regarding the original establishment or purpose of the Matthews ditch. The report of the commissioners, which was properly admitted in evidence, *Hull* v. *Cunningham* (1923), 193 Ind. 80, 138 N. E. 756; *Wilson* v. *Tevis* (1916), 184

Ind. 712, 111 N. E. 181, as well as the oral testimony given by the civil engineer who surveyed the drain, shows that the report is for the construction of a new and independent drain (including both the Matthews and the Boyer ditches) and not merely for the repair and reconstruction of a specified existing drain (the Matthews ditch).

The latter purpose can be accomplished under §6196 Burns Supp. 1929 (§19 of the 1907 drainage law, Acts 1907 p. 508, 535, as amended by Acts 1913 p. 152, as amended by Acts 1919 p. 426, as amended by Acts 1927 p. 506), but the former must be accomplished in a different proceeding, §6167 Burns 1926 (§2, Acts 1907 p. 508). A proceeding can be maintained under §6167, *supra,* but not under §6196, *supra,* for the location and construction of a new and original drain over the line of an established ditch. *Hauschild* v. *Roth* (1914), 181 Ind. 183, 104 N. E. 11; *Clifton* v. *McMains* (1916), 184 Ind. 539, 111 N. E. 801; *Huffman* v. *Newlee* (1919), 189 Ind. 14, 124 N. E. 731. The repair of an existing drain in a proceeding under §6196, *supra,* is not confined to the restoration thereof to its original dimensions but such changes, reconstruction and extensions may be ordered as will be necessary to accomplish the drainage originally designed and intended. However, the burden, in such a proceeding, is on the petitioners to prove that the changes, alterations and extensions are necessary in order to make the established ditch perform the drainage for which it was originally designed and intended. *Huffman* v. *Newlee, supra.*

The report of the drainage commissioners under the petition here filed was "not according to law", the finding of the court was not sustained by sufficient evidence and was contrary to law and the judgment should be and is hereby reversed with directions to the trial court to grant appellant's motion for a new trial.