## RINKER ET AL. v. HAHN ET AL.

[No. 21,517.   Filed October 28, 1910.   Rehearing denied December 29, 1910.]

1. DRAINS.—*Tiling Petition.*—*Sufficiency.*—A petition for tiling an open, public drain, filed in the county in which the proceedings were had for the construction of such drain, and containing the formal allegations required under §§6151, 6174 Burns 1908, Acts 1907, p. 508, §§17, 19, is sufficient.   p. 90.

2. DRAINS.—*Tiling of.*—*Remonstrances.*—*Time for Filing.*—Remonstrances against a drainage petition, filed under §6174 Burns 1908, Acts 1907 p. 508, §19, for the tiling of an open, public drain less than two miles long, at a cost not to exceed $300 exclusive of the tile used, must be filed on or before the date set for the hearing of the surveyor's report, the remonstrators being entitled to ten days' notice before such hearing.   pp. 90, 93.

3. DRAINS.—*Two-Thirds Remonstrances.*—*Right to Tile.*—In a proceeding under §6174 Burns 1908, Acts 1907 p. 508, §19, for the tiling of an open, public drain, less than two miles long, at an expense of not more than $300, exclusive of the cost of the tile, the affected landowners have a right to file a two-thirds remonstrance, thereby defeating the proceeding; but such remonstrance must be filed on or before the day set for the hearing of the surveyor's report.   p. 91.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Drainage petition by Albert C. Hahn and others, against which George E. Rinker and others remonstrate. From a judgment for petitioners, remonstrators appeal. *Affirmed.*

*Watkins & Butler*, for appellants.

*John Q. Cline*, *W. A. Branyan* and *Claude Cline*, for appellees.

MONTGOMERY, J.—On April 12, 1909, appellees filed with the clerk of the Huntington circuit court a petition to cause an open ditch, previously constructed in pursuance of proceedings in that court, to be tiled for a distance less than

two miles in length, alleging that the total cost of the contemplated work, exclusive of tile to be used, would not exceed $300, and that the surveyor of the county was not interested in the proceedings or related to the parties likely to be affected thereby. The matter was thereupon, by the clerk, referred to the county surveyor, with directions to make his report within thirty days. On May 12 the county surveyor made and filed his report in said court in term, in favor of the proposed improvement, with assessments of benefits against the lands affected. The hearing upon this report was fixed for May 27. Notices thereof were duly issued, were served on May 17, and proof of service was made and filed May 22. The demurrer of appellant George E. Rinker to the petition was submitted to the court and overruled May 28, and on May 29 other appellants filed demurrers to the petition, which demurrers were subsequently overruled. On May 29 appellants, representing that they constituted two-thirds in number of all persons to be affected by the proposed work, filed a remonstrance asking that the petition be dismissed. This remonstrance was stricken out on appellees' motion, on the grounds that it was unauthorized and not filed within the time allowed by law. On June 15 two of the appellants filed separate remonstrances for cause to the report of the surveyor, and these remonstrances were stricken out, on the ground that they were not filed within the time prescribed by law. The report of the county surveyor was thereupon approved, the assessments confirmed, and the drain established and ordered constructed; and from that judgment this appeal is prosecuted.

The overruling of appellants' demurrers and the striking out of their remonstrances have been properly assigned as errors.

No objection to the sufficiency of the petition has been called to our attention; but in the separate demurrer of appellant Rinker the jurisdiction of the court over the subject-matter is challenged, and, as we understand appellants' position, that is the ground of attack upon the petition.

Section nineteen of the act of 1907 concerning drainage (Acts 1907 p. 508, §6174 Burns 1908), authorizes the tiling of existing open drains, and provides for filing a 1. petition therefor with the circuit or superior court of the county, or the board of commissioners, as the case may be, in which the proceedings were had for the construction of the original ditch. The petition herein alleges that the drain to be tiled was originally constructed in pursuance of proceedings in the Huntington Circuit Court, and that that court had jurisdiction under the law over proceedings to make the change described in appellees' petition. The petition contained all formal and substantive allegations required under sections seventeen and nineteen of said drainage act of 1907 (§§6151, 6174 Burns 1908) and was clearly sufficient.

The matter of investigating and reporting upon the proposed improvement was referred to the county surveyor, as heretofore shown, immediately and without notice 2. to the parties likely to be affected. His report was filed May 12, and the hearing thereon fixed for May 27, and the interested parties were notified accordingly. Counsel for appellees contend that the time within which remonstrances must be filed is to be reckoned from May 12, the date of filing the surveyor's report. This contention cannot be sustained. Appellants had no notice of the proceeding until May 17, and under the law were entitled to ten days in which to make preparation for the hearing which was set for May 27. If this contention were correct, it would be possible to fix such a date in the future as to permit all defenses to be barred by lapse of time before notice of the hearing was served, and thus defeat the whole purpose of the hearing. In ditch proceedings under these and other provisions of the law, involving a drain more than two miles in length and a cost of over $300, the parties are brought in upon the petition in pursuance of notice and given a hearing before the matter is referred to the drainage commissioners

for a report. In such cases, it is provided that a two-thirds remonstrance may be filed within twenty days, exclusive of Sundays, from the day set for the docketing of the petition, and a remonstrance for prescribed causes may be filed within ten days from the time of filing the report of the drainage commissioners, excluding the day of filing such report and intervening Sundays. In such cases the parties to be affected are already in court and bound to take notice of the filing of the report and of all other steps in the proceeding. But in this case, the parties adverse to petitioners were not in court until May 27, and had no right or opportunity to take any action until that time.

The remonstrances of appellants Rinker and Truitt, for statutory causes, were not filed until June 15, 1909, which was sixteen days after the date for hearing the report, exclusive of that date and Sundays. These remonstrances came too late, and were rightly stricken out by the court. *Smith* v. *Biesiada* (1910), 174 Ind. 134.

Appellees' counsel contend that no provision is made for the filing of a two-thirds remonstrance in proceedings under §§6151, 6174, *supra*, and that such remonstrance was unauthorized in this case, and therefore properly stricken out. The provisions authorizing and regulating the filing of a two-thirds remonstrance are found in section three of said act (§6142 Burns 1908), which prescribes the practice and procedure in reference to the establishment of drains by proceedings in the circuit and superior courts. Section 6151, *supra*, confers jurisdiction upon boards of commissioners to establish and construct drains which affect property wholly in one county, and provides that " all provisions hereinbefore made as to such petitions, notice of the hearing, demurrer, pleading or motion in relation thereto, hearing thereof, dismissal or amendment of the petition and references to the drainage commissioners, remonstrance and exceptions thereto and action and ruling thereon; action on such report, allowance and payment of claims, and all other

matter in relation to such work, shall be had and concluded as far as applicable by and under direction of such board of county commissioners." In section nineteen of said act (§6174, *supra*) it is directed that "the provisions of section three [§6142, *supra*], as to notice and hearing of such petition or remonstrance thereto,  *  *  *  shall, so far as applicable, be the same in case of such change or improvement in such work of drainage as in case of the original construction of the work." When the proposed change will not affect more than two miles of the ditch and will cost not to exceed $300 exclusive of tile, this section reads: " Then all the procedure and provisions in relation thereto may be had in accordance with the provisions of section seventeen of this act." It is provided in said section seventeen (§6151, *supra*) to which reference is thus made, with regard to the establishment of short ditches of limited expense on report of the county surveyor, when said matter comes on for hearing after ten days' notice to all the parties, that " every landowner shall have the right, and it shall be his duty, to file such objection thereto as might or could be done in such proceedings in the other sections of this act."

We think, taking all these provisions together, it was the intent and purpose of the legislature to authorize a two-thirds remonstrance in all ditch proceedings under this act. In the case of *Honnold* v. *Endicott* (1908), 170 Ind. 16, involving the construction of a ditch less than two miles in length, at a cost not exceeding $300, under the drainage act of 1905, the right to file a two-thirds remonstrance was tacitly recognized. The practice and procedure necessary to the establishment of ditches of diverse character, and in different courts is so blended and confused as to make it difficult to determine just when the rights conferred must be exercised.

The time within which a two-thirds remonstrance must be filed under other sections of the law begins to run from the

date fixed for docketing the petition. No provision for such docketing is made in proceedings to establish or to tile drains of the class to which this belongs. The first hearing in such cases is upon the surveyor's report, which in this instance was fixed for May 27, 1909. It is provided that upon the date fixed for such hearing, if ten days' prior notice has been given to all the persons named in the report, the board shall proceed to hear the matter, " and every landowner shall have the right, and it shall be his duty, to file such objection thereto as might or could be done in such proceedings in the other sections of this act." No time for filing remonstrances beyond this hearing is granted, and it is our conclusion that a two-thirds remonstrance to·be seasonable must be filed on or before the date of such hearing, after proper notice, and if not so filed will be unauthorized and too late. *Ginn* v. *Hinton* (1910), 174 Ind. 296.

Appellants' remonstrance was not filed in this case until May 29, 1909, and was accordingly not in time. For that reason it was properly stricken out by the court. *City of Peru* v. *Cox* (1909), 173 Ind. 241.

No error appearing, the judgment is affirmed.