## O'TOOLE ET AL. *v.* TUDOR ET AL.

[No. 21,577.   Filed December 13, 1910.   Rehearing denied February
16, 1911.]

1. DRAINS.—*Appeal to Circuit Court.—Trial.*—Under §6151 Burns
1908, Acts 1907 p. 508, §17, providing that on appeals from the
boards of commissioners in drainage cases the circuit courts
"shall have the power to hear and determine such matters as
if it [the drainage proceeding] originated in such court," the
circuit courts have the power to determine such issues only as
were raised before the board.   p. 230.

2. DRAINS.—*Jurisdiction.—Parties.—Adding on Appeal.*—The cir-
cuit court has the inherent right, on appeal from a drainage
proceeding before the board of commissioners, to cause all persons
affected thereby, who are not parties thereto, to be made parties,
where such action does not prejudicially affect the rights of such
parties.   p. 230.

3. DRAINS.—*Appeal.—Adding New Parties.—Waiver.—Motion to
Remand.*—Where remonstrators in a drainage case appealed to
the circuit court, and such court ordered certain other affected
landowners to be made parties thereto, all persons having a
right to complain thereof having waived any question thereon
and consented to the construction of the work, the overruling
of a motion by remonstrators to remand the cause to the board
is harmless, even if erroneous.   p. 230.

4. DRAINS.—*Carrying Capacity.—Expert Evidence.—Discretion of
Court.*—Evidence by persons who had previous personal knowl-
edge of, and experience with, tile drains of the kind proposed,
that the proposed tile would drain the area sought to be drained
thereby, is admissible, the trial court having a large discretion
in the admission of such testimony.   p. 230.

5. JUDGMENT.—*Motion in Arrest.—Essentials.—Verification.*—A mo-
tion in arrest of judgment must be founded on matters apparent
upon the face of the record, and a verification thereof adds no
efficacy thereto.   p. 232.

6. JUDGMENT.—*Motion in Arrest.—Drains.*—A motion in arrest of
judgment in a proceeding to tile an existing drain, commenced
before the board of commissioners, alleging that one branch of the
ditch proposed to be tiled was established by the Howard Circuit
Court, that the report of the drainage commissioners provided for
the construction of open ditch work not embraced in the petition,
and that the owners of land through which such proposed open

ditch work extends were not notified thereof until after the trial on appeal in the circuit court, presents no question.   p. 232.

7.  DRAINS.—*Jurisdiction.—Boards of Commissioners.*—Boards of commissioners have jurisdiction over the construction of ditches which, with the lands, highways, easements, public grounds, cities, towns, or townships to be affected, are wholly within one county (§6151 Burns 1908, Acts 1907 p. 508, §17).   p. 232.

8.  DRAINS.—*Change or Improvement of.—Jurisdiction.—Pleading.* —An application for the change, improvement, or extension of an existing public drain, must be made to the board of commissioners, or court, originally ordering the construction of such drain; and strict rules of pleading do not obtain.   p. 232.

9.  DRAINS.—*Petitions.—Jurisdictional Facts.*—A petition to the board of commissioners of a county for the improvement of an existing public drain showing that the drains, together with the lands to be affected thereby, are wholly within such county, is sufficient without an allegation that such board of commissioners originally ordered such ditch to be established.   p. 233.

10.  COSTS.—*Drains.—Reports.—Amendments.*—Where the circuit court, on appeal from the board of commissioners, ordered the drainage commissioners to amend their report by adding new parties thereto, the appellants' motion to tax the costs up to such time to the petitioners was properly overruled, where the appeal was not based on such defect and the costs occasioned by the making of the amendment were taxed to the petitioners.   p. 234.

11.  DRAINS.—*Costs.—Attorneys' Fees. — Statutes.* — Section 6144 Burns 1908, Acts 1907 p. 508, §5, providing that the commissioner, or other person, charged with the duty of constructing a public drain shall pay the costs thereof not otherwise adjudged, and incidental expenses, "including reasonable attorneys' fees of the petitioner in the preparation and presentation of the petition, and the prosecution of the same and for such services as may be necessary in any stage of the proceedings," requires that the attorneys for the petitioners be paid for all necessary services in prosecuting the proceeding to a successful termination.   p. 234.

From Howard Circuit Court; *Leroy B. Nash*, Special Judge.

Drainage proceedings by Stephen B. Tudor and others, against which Thomas J. O'Toole and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Harness, Moon & Voorhis*, for appellants.
*Overton & Joyce* and *Blacklidge, Wolf & Barnes*, for appellees.

MONTGOMERY, J.—Appellees petitioned the Board of Commissioners of the County of Howard to tile a certain open drain, known as the William G. Cook ditch and its tributaries. The matter was duly referred to the drainage commissioners, who reported in favor of the proposed work, and provided for the widening and deepening of the ditch, into which the tile was to enter, for a distance of 3,800 feet from the outlet. The owners of lands through which the enlarged outlet passed were not named in the report, and no assessment of benefits or damages was made against such lands. Appellants appeared before the board in due time, and filed remonstrances against the proposed work, alleging (1) that their lands would not be benefited to the extent of the assessments made, (2) that the total cost would exceed the aggregate benefits, (3) that the work would not be of public utility, and (4) would not be sufficient to drain the lands to be affected. These issues were tried before the board and decided in favor of appellees, and the work was ordered constructed. Appellants appealed to the circuit court, where, upon retrial, it developed for the first time that the owners of lands through which the outlet to be enlarged would pass had not been made parties to the proceeding. Appellants thereupon moved that the cause be remanded to the board of commissioners, but the court overruled this motion, continued the hearing until September 15, 1909, ordered said landowners, by name, to be made parties, directed the drainage commissioners to meet at a designated time and place and amend their report so as to include said parties and their lands to be affected, and required the petitioners to cause ten days' notice of the hearing of such amended report to be given to each of the new parties, all of which was accordingly done. The new parties named then appeared in the circuit court and filed a waiver of service of such notice, and of all right to remonstrate against the drain, and consented that the drain might be ordered constructed as proposed in the report of the drainage commissioners. The court thereupon made

a finding against the remonstrators and in favor of the petitioners for the construction of the work as proposed and approved the assessments as made in the report of the drainage commissioners. Motions for a new trial and in arrest of judgment were overruled.

It is alleged that appellees' petition does not state facts sufficient to constitute a cause of action, and that the court below erred in overruling appellants' motions to remand, for a new trial, in arrest, and to modify the judgment.

1. It is provided that on the transfer of a ditch proceeding to the circuit court on appeal, that court " shall have the power to hear and determine such matters as if it originated in such court." §6151 Burns 1908, Acts 1907 p. 508, §17. This has been construed to apply to such issues only as were raised before the board. The board of commissioners had jurisdiction over the general subject of tiling certain drains affecting lands wholly within the county. The defect in this proceeding was a lack of jurisdiction over the persons of certain interested parties.

2. Such a defect the court had inherent power to cure, provided its action did not injuriously affect or abridge the rights of the parties concerned. The action of the court below, in causing the proceedings to be amended and other persons to be brought in requisite to make its judgment binding and conclusive upon all lands and parties

3. affected, was not erroneous under the circumstances shown. The only parties in position to complain waived all rights and voluntarily consented to the construction of the proposed work. The remanding of the cause to the board of commissioners could not have benefited appellants, and the overruling of their motion to remand was, as to them, plainly harmless, if it were conceded to be erroneous.

4. In their motion for a new trial appellants complained of the admission of testimony by certain witnesses as to the adequacy of the tile to carry the water from the lands to be drained. The only objection made to the introduction of this testimony was that the witnesses were

not shown to be competent to express an opinion. Each of these witnesses had previously testified to a personal knowledge of and experience with drains which were formerly open, and later filled with tile twenty-two inches and less in size, and as to the number of acres thereby drained. It is immaterial whether these witnesses are styled as experts or non-experts, their competency to express an opinion was largely in the discretion of the trial court, and there is no well-defined standard by which to measure and determine the qualifications for giving opinion evidence. We are safe in holding that the court did not abuse its discretion in overruling the objection made. *Romona, etc., Stone Co.* v. *Shields* (1909), 173 Ind. 68; *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 57 Am. Rep. 82.

The petition for the proposed improvement alleged that the petitioners were owners of real estate in Howard county affected and drained by the system of drainage theretofore constructed under the laws of the State, and known as the William G. Cook and the Amos W. Butler ditches, and all their tributaries, and that the Butler ditch is a tributary of the Cook ditch; that, in the opinion of the petitioners, a specified part of said drainage system in the county can be more economically kept in repair and be rendered more efficient by tiling and covering, and the public health be thereby improved and certain public highways benefited; that the costs, damages and expenses will be less than the benefits resulting to the owners of land likely to be benefited thereby; that the proposed improvement will affect certain lands in the county, particularly described; that the petition is filed under the laws of the State, providing for the tiling, change, improvement or extension of any work of drainage constructed under the laws, or any former laws of the State, and that the drainage sought to be improved was originally constructed under drainage laws of the State.

Appellants filed a verified motion for an arrest of judgment, because (1) it did not appear from the petition that either of the ditches to be improved had been originally established

by the board of commissioners, (2) the Amos W. Butler ditch was established by the Howard Circuit Court, (3) the report of the drainage commissioners provides for the construction of open ditch work not embraced in the petition, and (4) the owners of land through which such open work extends were not notified or brought into court until after the trial on appeal in the circuit court.

The verification of the motion in arrest gave it no additional efficacy. A motion in arrest of judgment must be founded on matters apparent upon the face of the 5. record, or which should, but do not so appear. The second, third and fourth specifications of the appellants' motion in arrest present no question for decision. The only question is, Must the petition for tiling 6. affirmatively allege that the drain to be tiled was originally established by the board of commissioners?

Boards of commissioners are given jurisdiction over the construction of ditches, which, with the lands, highways, easements, public grounds, cities, towns or town- 7. ships to be affected thereby, are wholly within one county. §6151 Burns 1908, Acts 1907 p. 508, §17.

An application for the change, improvement or extension of an existing public ditch should be made to the circuit or superior court, or the board of commissioners, as the 8. case may be, of the county in which the proceedings were had for the construction of such work. §6174 Burns 1908, Acts 1907 p. 508, §19. This section has been construed to mean that a proceeding to tile a drain should be brought in the tribunal or court which originally ordered the ditch established. *Rinker* v. *Hahn* (1910), *ante*, 88.

Members of boards of county commissioners are usually not lawyers, and strict rules of pleading are not ordinarily required in proceedings before these tribunals. The statute governing this proceeding requires that " the form and contents of such petition and other provisions in relation thereto shall, so far as applicable, be the same as provided in section

two of this act for the original petition for the construction of the work." §6174, *supra*.

We have already shown that all the usual allegations of ditch petitions are contained in appellees' petition, 9. and further that the drains and lands to be affected by the proposed work are in Howard county.

Proceedings for the establishment of public highways are, in a general way, similar to those for the establishment of public drains by boards of commissioners. It has been expressly held that a petition to vacate a public highway need not allege the jurisdictional fact that it is signed by twelve freeholders of the county, six of whom reside in the immediate neighborhood of the highway proposed to be vacated, although such fact must be proved. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149.

It is provided that a board of commissioners shall not act upon a petition to establish, vacate or change a public highway, without first requiring a cost bond, if an adverse report has previously been returned upon the same matter. In reply to a contention, similar to appellants', that a cost bond was jurisdictional in such a case, and the proceeding void without it, this court said in the case of *McKaig* v. *Jordan* (1909), 172 Ind. 84: "Boards of commissioners are given general jurisdiction over the subject of laying out and establishing highways, and are authorized to take jurisdiction of a particular case upon the filing of a prescribed petition after the giving of a specified notice. A board, doubtless, might do so, but is not required to take judicial notice that the route described in a pending petition is the same as that contained in a former proceeding and found not to be of public utility. The identity of the two routes should ordinarily be brought forward by some interested party to stay the pending proceeding, since the fact will not be apparent in the particular case, but must be shown by evidence *dehors* the record. If a party desires to challenge the jurisdiction of a judicial tribunal over his person, or over the subject-

matter of a particular case, on grounds not apparent from the face of the record, he must do so at the earliest opportunity, or his objection will be regarded as waived."

In the case before us, no fact affirmatively appears from the record indicating lack of jurisdiction in the board over the proceeding. It is our conclusion that a declaration in the petition, that the ditch to be improved was established and constructed by order of the board, is not indispensable, and a petition will not be held insufficient for lack of such averment when challenged for the first time in this court or by motion in arrest of judgment. It follows that the court did not err in overruling appellants' motion in arrest.

Appellants moved to tax costs against appellees prior to the time of referring the report to the drainage commissioners for amendment, and this motion was denied. This 10. ruling was proper, since appellants had made no objection before the board on the ground of defect of parties or lack of jurisdiction, and did not appeal and succeed on such an issue in the circuit court. The court had required the new parties to be notified by the petitioners at their own expense, and this was all the remonstrators could fairly demand.

It appeared from the evidence that the services of persons employed in the preparation of papers and in other work in connection with these proceedings, and 11. which had been done chiefly by the township trustee, were of the value of $200, and the services of attorneys for petitioners in litigating the issues formed by the remonstrances were of the value of $1,000. The court denied any compensation for services performed by the township trustee, but allowed $1,000 for the services of appellees' attorneys. Appellants moved to reduce the allowance for attorneys' fees to the amount which would be reasonable and proper for the work done in the cause, independent of the litigation, which motion was overruled.

The remonstrances denied the public utility of the pro-

posed work and its capacity to drain the lands affected, as well as the amount of benefits assessed against particular tracts of land. It is manifest therefore that the foundation for the petition was assailed and fought throughout the entire proceedings. The statute provides that the commissioner or other person charged with the execution of the work shall pay the costs not otherwise adjudged, and incidental expenses, " including reasonable attorneys' fees of the petitioner in the preparation and presentation of the petition, and the prosecution of the same and for such services as may be necessary in any stage of the proceedings not exceeding four per cent of the assessed benefits as approved by the court in all drains in which the assessed benefits are greater than $1,000." §6144 Burns 1908, Acts 1907 p. 508, §5. Appellants' counsel contend that this statute should be held to include only fees for the work done by an attorney which is in substance done in behalf of all parties interested. Reference is made to the statutory provision for attorneys' fees in actions for partition. That statute is materially different from this. Appellants' argument should be addressed to the legislature rather than to the courts. .The provisions of the various drainage statutes allowing payment of petitioners' attorneys' fees, from time to time have been amended and broadened so that now they authorize the allowance of attorneys' fees for necessary legal services at "any stage of the proceedings," and it seems clear to us that the court did not err in allowing fees for litigation designed, not only to modify assessments, but to defeat and overthrow the entire petition and contemplated improvement.

No harmful error is made to appear, and the judgment is accordingly affirmed.