## STOCKTON ET AL. *v.* PANCOAST ET AL.

[No. 21,945. Filed April 19, 1912. Rehearing denied
June 26, 1912.]

1. DRAINS.—*Proceedings to Improve.—Petition.—Jurisdiction.—
Arrest of Judgment.*—While proceedings to improve or otherwise
change an established drain, brought under §6174 Burns 1908,
Acts 1907 p. 508, §19, must be brought in the court which origin-
ally ordered the drain established, the petition need not aver
what court made the order establishing it, and the question of
jurisdiction is not raised by a motion. in arrest of judgment,
where the petition is silent as to what court made such original
order. p. 205.

2. DRAINS.—*Proceedings to Improve.—Jurisdiction.—Petition.—
Ruling on Motion in Arrest of Judgment.*—Where a petition for
the improvement of a certain main drain and an arm connecting
therewith, brought under the provisions of §6174 Burns 1908,
Acts 1907 p. 508, §19, was silent as to the name of the court
which ordered the main drain established, the court did not err
in overruling a motion in arrest of judgment, although the peti-
tion showed affirmatively that the arm was established by the
board of commissioners, since the jurisdiction over a proceeding
concerning the arm of a drain follows the jurisdiction of the
main drain. p. 206.

3. PLEADING.—*Character of Pleading.—Test.*—The character of a
pleading must be tested by the facts averred, rather than by the
prayer for relief or the conclusion of the pleader. p. 206.

4. DRAINS.—*Proceedings to Improve.—Pleading.*—Proceedings to
establish or improve drains being special statutory proceedings,
the pleadings in such cases are not tested strictly by the rules
governing ordinary civil actions. p. 207.

5. DRAINS.—*Proceedings to Improve.—Jurisdiction.—Remon-
strance.*—In a proceeding under §6174 Burns 1908, Acts 1907 p.
508, §19, to improve an established drain, remonstrants had a
right to question the jurisdiction of the court at the time of fil-
ing a remonstrance for other causes, where the defect of juris-
diction did not appear on the face of the petition, and the action
of the court in sustaining a demurrer to verified remonstrances
which, among other causes, stated facts showing the court to be
without jurisdiction was erroneous. p. 207.

From Jasper Circuit Court; *James P. Wason,* Judge.

Proceeding for the improvement of an established drain
brought by Abner C. Pancoast and others, and against which

Almira M. Stockton and others remonstrated. From a judgment for petitioners, the remonstrants appeal. *Reversed.*

*E. B. Sellers, John A. Dunlap* and *W. H. Parkison,* for appellants.

*Frank Foltz,* for appellees.

MORRIS, C. J.—In October, 1909, appellees, as landowners, filed in the Jasper Circuit Court a drainage petition, praying for the tiling, enlarging and improving of a public drain, known as the Martindale ditch, and a lateral thereof called the Halstead ditch, and for the constructing of some new branches to the Martindale ditch. The proposed improvements were all in Jasper county.

It is contended by appellants that the Jasper Circuit Court had no jurisdiction of the subject-matter of the proceeding.

Appellants Almira M. Stockton, Cordelia M. Williams and Eliza Makeever filed a remonstrance, in the twelfth paragraph of which it was alleged that in 1899 a petition was filed with the board of commissioners of said county praying for the establishment and construction of the Martindale ditch, which was, by the board, in June, 1901, ordered established and constructed; that the construction thereof has not been entirely completed, according to the plans and specifications, and the matter is still pending before the board; that the drain which petitioners are herein seeking to improve is over the same line as the Martindale and Halstead ditches, and remonstrators deny the right of this court to order the improvement prayed for while the same is still pending before the board of commissioners.

Appellant Isaac N. Makeever filed a remonstrance, the tenth paragraph of which alleged substantially the same facts set out in the twelfth paragraph of the remonstrance of Almira M. Stockton and others.

Appellant Jasper M. Makeever filed a remonstrance, the tenth paragraph of which was substantially like the tenth paragraph of Isaac N. Makeever's remonstrance. These re-

monstrances were all verified. A demurrer to each of the above paragraphs of remonstrance for insufficient facts was sustained by the court. Appellants predicate error on this action.

The cause was tried by the court, resulting in a finding for appellees. Appellants filed a motion in arrest of judgment, which was overruled, as was also their motion for a new trial. From a judgment for appellees, granting the relief prayed for in the petition, this appeal is prosecuted.

This proceeding was instituted under §19 of the act approved March 11, 1907 (Acts 1907 p. 508, §6174 Burns 1908). This section, among other things, provides as

1. follows: "Should the owner of any land, or any corporation, affected by the construction, change, improvement or extension of any work of drainage under this or any former law of this state, be of the opinion that such work, or any part of it, may be more economically kept in repair, or may be made more efficient for its purpose, by tiling and covering; by removing tile and making the drain open; by changing the line of the drain or extending its length; or by making any other change in the work as originally constructed, such land owner or corporation may apply for such change, improvement or extension by filing a petition therefor with the circuit or superior court, or with the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of such work."

This section has been construed by this court to require proceedings to tile, improve or otherwise change a drain already constructed to be brought in the court which originally ordered it established. *O'Toole* v. *Tudor* (1911), 175 Ind. 227, 93 N. E. 276; *Rinker* v. *Hahn* (1910), 175 Ind. 88, 92 N. E. 729. In the O'Toole case it was held, however, that it is not necessary to aver in the petition what court made the order establishing the drain, and the question of jurisdiction is not raised by a motion in arrest of judgment,

where the petition is silent in relation to the court making the original order.

Here the petition is silent as to the name of the court which ordered the main drain—the Martindale—established, but does affirmatively show that the Halstead arm, connecting with the main ditch, was established by the board of commissioners. But as the jurisdiction over a proceeding concerning the arm of a ditch should logically follow that over the main drain, the court did not err in overruling the motion in arrest of judgment, because the petition did not, on its face, aver that the Martindale ditch was established by order of the board of commissioners.

Appellants insist that the court erred in sustaining the demurrers to the remonstrances above noted, because it is therein averred that the Martindale ditch was established by order of the board of commissioners, and it appears on the face of the petition that the Halstead arm was established by the order of the board, and hence the board had, under §6174, *supra,* exclusive jurisdiction of the subject-matter of the petition.

Appellee's counsel contend that the paragraphs of remonstrance referred to are drawn on the theory of pleas in abatement, and, as such, are insufficient, because matters in abatement must precede pleas in bar, and cannot be pleaded therewith. §371 Burns 1908, §365 R. S. 1881; *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466.

While the prayer for relief, or conclusion of the pleader, set out in the several paragraphs of remonstrance above referred to, might lend some support to appellee's contention, a pleading must be tested by the facts averred, rather than by the prayer for relief or the conclusion of the pleader. *Houck* v. *Graham* (1886), 106 Ind. 195, 6 N. E. 594, 55 Am. Rep. 727; *State, ex rel.,* v. *Ogan* (1902), 159 Ind. 119, 63 N. E. 227.

It is further to be remembered that this is a special statutory proceeding, and pleadings in such proceedings are not

tested strictly by the rules governing ordinary civil
4. actions. *O'Toole* v. *Tudor, supra.*

Appellants had the right to challenge the jurisdic-
tion of the court over the subject-matter of the petition. The
facts averred in these paragraphs of remonstrance
5. show that the court was without jurisdiction. We per-
ceive no reason why a jurisdictional plea may not be
interposed at the time of filing a remonstrance for other
causes. *Kemp* v. *Adams* (1905), 164 Ind. 258, 73 N. E. 590.
Had the defect appeared on the face of the petition, the juris-
diction might have been challenged for the first time in this
court. Here, the defect, except as to the Halstead arm, did
not appear on the face of the petition, and it became neces-
sary to plead it. In *Kemp* v. *Adams, supra,* this court said
on page 261. ''Whether the appellants' remonstrance spe-
cifically setting forth a want of jurisdiction of the subject-
matter was timely or not before the commissioners, when
renewed, on appeal, and supported by affidavit, it disclosed
sufficient substance to impose upon the circuit court the duty
of entertaining it, and trying the question propounded. Ap-
pellees' naked objection should not have been permitted to
close the door against a fact fundamental to the court's au-
thority to proceed.''

For the error in sustaining appellees' several demurrers
to the twelfth paragraph of remonstrance of Almira M.
Stockton and others, and the tenth paragraph of remon-
strance of Isaac N. Makeever, and the tenth paragraph of
remonstrance of Jasper M. Makeever, the judgment must be
reversed.

Other errors are assigned, but in view of the conclusion
reached, their consideration is rendered unnecessary.

Judgment reversed, with instructions to overrule appel-
lees' demurrers to said paragraphs of remonstrance, and for
further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 122. See, also, under (1) 14 Cyc.
1054; (3) 31 Cyc. 84; (4) 14 Cyc. 1030; (5) 14 Cyc. 1036.