Croxton *v.* Fair—181 Ind. 361.

## CROXTON ET AL. *v.* FAIR ET AL.

[No. 22,301.   Filed April 1, 1914.]

1. DRAINS.— *Establishment.— Jurisdiction.*— Under §6141 Burns 1908, Acts 1907 p. 508, §2, the board of county commissioners and the circuit and superior courts of the county have concurrent jurisdiction in the establishment of drains wholly within one county, and where the proceeding affects lands in more than one county, jurisdiction is in the circuit or superior court of the county having the greatest length of the proposed drain.   p. 363.

2. DRAINS.— *Establishment.— Jurisdiction.*— Under §6174 Burns 1908, Acts 1907 p. 508, §19, the tribunal which established the work has exclusive jurisdiction of the proceedings on the petition of an affected landowner to tile, change the line, extend the length or make other changes in the drain as already constructed. p. 363.

3. DRAINS.— *Proceedings.— Jurisdiction.— Statutes.*— The purpose of §6174 Burns 1908, Acts 1907 p. 508, §19, in limiting jurisdiction of proceedings to tile or change a drain already constructed to the tribunal which made the order establishing the work, was in furtherance of the legislative intent disclosed in the drainage act of 1907 (§6140 *et seq.* Burns 1908, Acts 1907 p. 508), to establish a uniform system of drainage and prevent conflict between the judgments of different *nisi prius* tribunals.   p. 363.

4. DRAINS.—*Proceedings to Change.—Jurisdiction.*—While a new drain may be lawfully established on the line of an old one, and although the fact that a proposed drain may be to a great extent on the line of an old one is not of controlling importance, a petitioner in a drainage proceeding may not arbitrarily confer on the circuit court jurisdiction to determine a proceeding for a mere change in an existing drain established by a board of commissioners, by merely avoiding any reference in his petition to such former establishment.   p. 364.

5. DRAINS.— *Establishment.— Jurisdiction.— New Drain.*— Where an existing drain must be deepened and its capacity substantially increased to carry additional water from new drainage areas, the proposed work involves greater alteration than is contemplated by §6174 Burns 1908, Acts 1907 p. 508, §19, limiting jurisdiction

in proceedings to tile or change an existing drain to the tribunal which ordered such drain established, and must be deemed a new drain, so that the circuit court has jurisdiction nothwithstanding the original drain was established by the board of county commissioners. p. 365.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Petition by Royce E. Fair and others for the establishment of a drain, to which Eula V. Croxton and others filed answer alleging lack of jurisdiction. From a judgment for petitioners, objectors appeal. *Affirmed.*

*P. V. Hoffman,* for appellants.
*C. S. Smith,* for appellees.

MORRIS, C. J.—Appellees filed in the circuit court a petition for a drain located entirely in Dekalb County. The petition was referred to commissioners who made a report, and thereupon appellants filed an answer alleging that the court had no jurisdiction of the proceeding because, as alleged, though not shown by the petition, the proceeding, in reality, was one to tile an existing open drain theretofore established by the board of commissioners. To this plea appellees replied by a general denial. After a hearing, the court found for appellees and made an order establishing the drain. Appellants' motion for a new trial, assigning the insufficiency of the evidence to support the finding, was overruled. If there was evidence to support the court's decision that it had jurisdiction, the judgment must be affirmed, otherwise it should be reversed.

There is no conflict in the evidence. It shows that in 1883, the board of commissioners established an open ditch known as the S. M. Noel drain. This ditch was kept in repair by the township trustee. It had no laterals. In this proceeding, the main ditch follows, for the most part, the main line of the S. M. Noel drain, though in many places it is shortened and straightened. It is also proposed to construct two new laterals, each of considerable length. In many

places, the proposed ditch will be much deeper than the old one, and its carrying capacity will be greatly enlarged.

The drainage act of 1907, which repealed former laws on the subject, provides for concurrent jurisdiction of the board of county commissioners and circuit and superior

1. courts, in the establishment of drains wholly within one county. Where the proceeding affects lands in more than one county, jurisdiction is conferred on the circuit or superior court of the county having the greatest length of the proposed drain. §6141 Burns 1908, Acts 1907 p. 508; *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632. Section 19 of the 1907 drainage act (§6174

2. Burns 1908, Acts 1907 p. 508) provides that whenever a landowner, affected by a drainage work already constructed, shall be of the opinion that such work may be more economically kept in repair or rendered more efficient by tiling, changing its line, or extending its length, or making other changes in the work as already constructed, he may file his petition, for such improvement in the tribunal which established the work. Such tribunal has exclusive jurisdiction. *Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122, and cases cited. Appellants claim the proceeding here is referable to §6174 Burns 1908, *supra*, regardless of the contents of the petition, while appellees contend the proceeding is for the establishment of a new drain under the provisions of §6142 Burns 1908, Acts 1907 p. 508. This latter section authorizes the commissioners to determine among other things, that the method of drainage shall be by constructing an artificial channel, with or without arms, by providing for the tiling of an existing public open drain, or by combining such tiling with the construction of a new drain. In limiting jurisdiction of proceedings under

3. §6174 Burns 1908, *supra*, to the tribunal which made the order establishing the work, the legislature had in view certain purposes. One of these purposes is obvious. The section deals only with the change or improvement of

an existing system and it is important that such proceeding be in the tribunal which has custody of the records and papers of the original cause. *Williams* v. *Osborne* (1914), 181 Ind. 670, 104 N. E. 27. Furthermore, the county surveyor would be put to unnecessary inconvenience in resorting to different tribunals for data required in making allotments for repairs under the provisions of §§10, 11, 12, of the act. §§6152, 6153, 6154 Burns 1908, Acts 1907 p. 508. In addition to the above, it is manifest that by the act of 1907 it was the legislative intent to establish a uniform system' of drainage, and prevent conflict between the judgments of different *nisi prius* tribunals. Drains may extend through many counties, in which case the circuit or superior court of the county having the greatest length of the work has exclusive jurisdiction. *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632. Were jurisdiction conferred on other tribunals, including the boards of commissioners of the various counties affected by the work, to make changes in the existing system by establishing new laterals and adding new drainage areas, it is evident that the existing utility might be rendered of little value. Moreover, it would enable a party defeated in the court of original jurisdiction to secure a review of the judgment in another *nisi prius* tribunal. Such results are avoided by the wise provisions of §6174, *supra,* which keep jurisdiction of a system of drainage in the tribunal of establishment, so long as the drain exists.

Appellants are correct in their contention that a petitioner may not arbitrarily confer on the circuit court jurisdiction to determine a proceeding for a mere change in

4. an existing work of drainage, theretofore established by a board of commissioners, by merely avoiding any reference, in the petition, to such former establishment. On the other hand, the fact that the proposed ditch may be, to a great extent, on the line of an existing one is not of controlling importance. A new drain may lawfully be

established on the line of an old one.    *Hauschild* v. *Roth* (1914), *ante* 183, 104 N. E. 11, and cases cited.

The question for determination here is whether the old drain will exist after the construction of the proposed work, or whether its identity will be lost in such new construction. It is manifest that in some cases, the line of demarcation between the old and new systems may be difficult of determination by reason of the nature and extent of proposed alterations, but we are of the opinion that where, as here, the ditch must be deepened, and the capacity of the main line must be substantially enlarged to carry additional water from new drainage areas, the proposed work must involve greater alteration than is contemplated by §6174 Burns 1908, *supra,* and must be deemed a new drain within the meaning of the drainage act of 1907.    *Cook County* v. *Harms* (1883), 108 Ill. 151.    It follows that the trial court did not err in holding that it had jurisdiction of the proceeding.    Judgment affirmed.

NOTE.—Reported in 104 N. E. 643.