CLIFTON ET AL v. McMAINS ET AL.

[No. 22,359.   Filed March 10, 1916.]

1.   APPEAL.—*Waiver of Error.*—*Briefs.*—Assignments of error are waived where no point or proposition relating thereto is stated in that part of appellants' brief devoted to points and authorities. p. 541.

2.   DRAINS.—*Proceedings for Construction.*—*Jurisdiction.*—Where the petition filed in the circuit court for the construction of a drain called for the construction of a new drain, and the drainage commissioners reported favorably to the construction of the drain, and indicated the existence of an old drain along part of the line of the new drain, which the evidence showed had been completed in proceedings before the board of county commissioners, the circuit court had jurisdiction concurrent with the board of county commissioners, and did not err in refusing to dismiss the proceeding on the ground that it was for the improvement and extension of an existing drain over which the board of commissioners had exclusive jurisdiction.   p. 541.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Drainage proceeding on the petition of Charles O. McMains and others.   From a judgment for the petitioners, James W. Clifton and others appeal. *Affirmed.*

*J. M. Worley* and *Ira Sharp*, for appellants.

*Samuel R. Artman* and *Wm. H. Smith*, for appellees.

Cox, J.—Appellees petitioned the circuit court for the construction of a new drain entirely in Boone County, and on the face of this petition the court had jurisdiction of the subject-matter by virtue of the provisions of §2 of the act of 1907.   Acts 1907 p. 508, §6141 Burns 1914.

Upon notice the petition was docketed on February 17, 1912.   On March 2, appellants filed a remonstrance by what was averred to be two-thirds of the landowners who would be affected by the proposed improvement.   On April 2, the court overruled this remonstrance and referred the cause to

drainage commissioners with orders to qualify and proceed with their duties and report on April 15, 1912. This report was favorable to the construction of the ditch, and indicated the existence of an old tile drain along part of the line of the new drain. The use of all of the old tile which would meet specifications was recommended for the new construction. On April 27, 1912, appellants moved to dismiss the petition on the ground that the proposed work was not a new ditch, but the change, improvement, and extension of a part of an existing drain theretofore constructed by the board of commissioners and that therefore the jurisdiction of the proceeding was exclusively in the board under the provisions of §19 of the act of 1907. Acts 1907 p. 508, §6174 Burns 1914; *O'Toole* v. *Tudor* (1911), 175 Ind. 227, 93 N. E. 276; *Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122. This motion was overruled. Separate remonstrances against the report of the commissioners were then filed by appellants. Afterwards on May 2, what was denominated an answer, but in form a plea in abatement, was filed in which objections to the jurisdiction of the court were set up in greater detail than in the motion to dismiss, which was founded on the same cause, and dismissal of the proceeding and judgment for costs were asked. Later a reply was filed by appellees to this answer in which it was averred that appellees were petitioning in good faith for a new and independent drain; that a part of the line of the contemplated drain extended along practically the same course as that of an existing one but that appellees were not asking any change or extension of the latter; and that the incorporation of the old work into the new as recommended by the drainage commissioners was a matter wholly within their discretion under the statute. §6142 Burns 1914, Acts 1907 p.

508. The issue tried on the question of jurisdiction was tried separately and found against appellants. Numerous errors are assigned, including the ruling on the two-thirds remonstrance and the question of jurisdiction, but all are waived, but the latter for no point or proposition is stated in that part of appellants' brief devoted to points and authorities relating to any other question. Clause 5, Rule 22 of the rules of this court.

The petition was for the construction of a new drain. The report of the commissioners showed that its construction would involve a preëxisting drain. The evidence showed that this drain had been completed in proceedings before the board of commissioners some years before the institution of the proceeding involved in this appeal and that the latter covered part of the course of the former, but was longer and otherwise a different drain. It can not be said that the trial court was not right in concluding that the proceeding was one for the construction of a new drain even though it followed in part the course of the old one. In such case the circuit court had jurisdiction of the proceedings concurrent with the board of commissioners and had authority to order the construction of the new drain. *Sharp* v. *Eaton* (1911), 175 Ind. 441, 94 N. E. 753; *Hauschild* v. *Roth* (1914), 181 Ind. 183, 104 N. E. 11; *Williams* v. *Osborne* (1914), 181 Ind. 670, 104 N. E. 27; *Croxton* v. *Fair* (1914), 181 Ind. 361, 104 N. E. 643; *Shields* v. *Pyles* (1913), 180 Ind. 71, 99 N. E. 742. Judgment affirmed.

NOTE.—Reported in 111 N. E. 801. As to eminent domain proceedings for construction of drains see 102 Am. St. 832. As to jurisdiction over proceedings for the establishment of drains and sewers, see 60 L. R. A. 172. See, also, under (1) 4 C. J. 1070; 3 Cyc 388; (2) 14 Cyc 1029.