AMSTUTZ ET AL. *v.* HUSER ET AL.

[No. 30,298.   Filed March 3, 1964.]

*Custer & Smith, D. Burdette Custer, Robert G. Smith,* of Decatur, and *J. A. Bruggeman,* of counsel, of Fort Wayne, for appellants.

*Christian H. Muselman,* of Berne, and *Jackson & Parrish,* of Fort Wayne, for appellees.

ARTERBURN, J.—This is an appeal from a drainage proceeding in which the appellants filed the petition therefor. After the viewers were appointed and made their report, the same was approved and docketed. An engineer appointed by the court thereupon filed what he designated his "first report", in which he states that because of the emergencies following heavy rains, it

would be more feasible to construct the portion at the outlet of Blue Creek first, which was only a part of the entire system originally petitioned for. In this "first report" the assessments were set up only for the portion proposed to be constructed, along with the estimate of the costs and benefits therefor.

The court, finding there were no remonstrances made to such report, approved the report as "the final report of the engineer and surveyor" and "adjudged" that the assessments be approved; that they be a lien against the real estate, and further adjudged "the proposed drain established." The engineer was directed to construct the drain accordingly. Because of its significance, we set out the judgment of the trial court, which is as follows:

"Comes now the parties by Counsel and ten days having elapsed after the filing of the *final report* of the engineer and surveyor herein with the Court, and no appeal or remonstrance to said *final report* having been filed, the Court now finds that said report should be confirmed, the assessments made thereby be approved and the proposed drain established.

"It is therefore ordered, adjudged, and decreed by the Court that the said report of the Engineer and Surveyor herein be, and the same is hereby confirmed; that the assessments made herein be, and the same are hereby approved, and the same are hereby made liens upon the said real estate described in said report; and that the ditch and drain therein described be, and the same is, hereby established.

"It is further ordered and adjudged by the Court that the construction of said ditch and drain and of all work in connection therewith or necessary to the construction thereof, as provided in said report, be, and the same is, hereby assigned to said Charles H. Henley, the registered engineer ap-

pointed herein and the costs thereof shall be paid out of the County Ditch Fund.

"Judgment accordingly." (Our italics)

During the ensuing year the contract for the construction of that portion of the drain was let, performed, and the engineer filed a report showing the final construction thereof. Immediately thereafter the engineer came in and filed a "second report" setting up new parties and new areas to be drained, part of which, however, were included or referred to in the original petition, but were not included in the first report. This second report contained an estimate of costs and set forth the individual assessment for benefits. To the "second report" remonstrances were filed, which were later stricken out, and also a motion was filed to strike out the second report. The motion to strike and dismiss the second report of the engineer was sustained. From this the appellants appeal.

The primary question here is: May a statutory proceeding for the construction of a drain under Burns' §27-104, *et seq.* (1960 Repl.) be divided into sections by the engineer and done in a piecemeal fashion by separate contracts and separate assessments, and consequently, under separate remonstrances and objections, etc.?

We are not concerned here with the expediency or advisability of such a proceeding. It appears to us that under the circumstances here there may have been some feasible and practical reason for the engineer desiring to construct a portion of the drain first. Nevertheless, we are concerned with a purely statutory proceeding. The authority of the court and the engineer must be found within the statutory authorization. A drainage proceeding is unknown at

common law, is purely a creature of the law, and the court has no greater jurisdiction than that found in the statute. *Widmer* v. *Sweeney et al.* (1955), 234 Ind. 263, 124 N. E. 2d 385; *Kilty* v. *Michael* (1921), 190 Ind. 374, 130 N. E. 531; *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 88 N. E. 502; 1 Am. Jur., Actions, §12.

In reviewing the statute in this case we find nothing therein that specifically states that the engineer may, by filing a second and subsequent report after the approval of the first report, continue the drainage proceeding for further construction. The only occasion in which a "second report" is authorized under Burns' §27-116 (1960 Repl.) is when remonstrances to the original report of the engineer are sustained and the court thereupon returns the report to the surveyor or engineer, with directions to amend and correct such report in accordance with the court's order. In reality, it might be better to call such a second report an amended report of the surveyor or engineer.

The statute [Burns' §27-117 (1960 Repl.)] states that the order of the court confirming the assessments and approving the engineer's report "shall be final and conclusive" and that "an appeal may be taken from the *final judgment*." (Our italics)

Looking at the record in this case, we further find that the engineer in his first report requested authority to proceed with the construction of a second section of the drainage system. However, the court considered his first report a *final report*. The court, acting upon the engineer's report, made the following entry:

"Come now the parties by counsel and ten days having elapsed after the filing of the *final report* of the engineer and surveyor herein with the Court, and no appeal or remonstrance to said *final report* having been filed, the Court now finds that said report should be confirmed, the assessments made

thereby be approved, and proposed drain established." (Our italics)

In other words, the court did not approve the engineer's request to continue the drainage construction for a second or subsequent report. The engineer's petition and report was therefore not granted with respect to that portion under which he later attempted to make a second report.

In *Perkins et al.* v. *Haywood* (1892), 132 Ind. 95, 31 N. E. 670 we there stated that after drainage proceedings have been established, assessments fixed, the work ordered and assigned to the engineer for construction, the proceedings remain on the court's docket only during the progress of construction, and upon a report showing the work has been completed, the drainage proceedings are terminated. The record here shows a report was made by the engineer on August 26, 1960, which showed completion of the construction as provided in his first report. The work was thereupon completed and the case ended on the court's docket. However, the engineer on that same date, attempted to file a second report.

We do not say that a judgment may not be reopened for correction or modification within the proper limitations of time. That, however, was not done in this case.

It is pointed out by the appellees that if a second report may be filed after the termination of the original proceedings, any number of subsequent reports may be filed, continually enlarging the drainage proceedings and system with new and additional assessments being made, with the result that the drainage to which originally there were no objections, finally becomes one entirely out of proportion with its original

inception. If there is merit in constructing a drain in sections, as proposed by the appellants in this case, it is a matter for the legislature to consider, with proper safeguards. We, as a court, have no right to pass upon such considerations.

It is our opinion that the trial court was correct in refusing to hear the second report and in refusing to continue the drainage proceedings after its judgment establishing same and after there had been filed a report showing that construction had been completed in accordance with the first report. *Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122; *State ex rel. Barner et al.* v. *White Cir. Ct. et al.* (1958), 237 Ind. 443, 147 N. E. 2d 10.

The judgment of the trial court is affirmed.

Landis, C. J., Achor and Myers, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 196 N. E. 2d 409.